HOLMES *v.* THE STATE.

A proceeding against the father for the support of his illegitimate child is not in the nature of a criminal action, and therefore under the constitution the defendant is exempt from imprisonment; and that portion of the bastardy act which authorized such imprisonment is repealed by the constitution.

*Error to Muscatine District Court.*

*Opinion by* KINNEY, J.    Complaint made before a justice of the peace by Mary Margaret Sheely, against the plaintiff in error under the act concerning bastardy.— Holmes was held to bail in the sum of two hundred dollars for his appearance at the next term of the district court, where, upon trial before a jury he was found guilty. The court thereupon adjudged that he stand charged with the maintainance of the child in the sum of fifty cents each week, for the period of two years from the 8th of October 1846, (the birth of the child) and after that time that the said Holmes stand charged with the maintainance of the child in the sum of fifty two dollars a year until the child was seven years of age, and among other things it was further ordered and decreed, that the said Holmes give security to perform the order of the court, and in case of neglect or refusal to give the security and pay the costs of the prosecution, that he be committed to the county jail, there to remain until he should comply with the order of the court therein made.    To reverse this judgment of the court, the defendant below sued out a writ of error, and assigns for error: that the court erred in ordering that the said John Holmes be committed to the jail of the county, in default of his paying the costs, and giving security for the performance of the order of the court.

The statute under which this proceeding was instituted provides that in case the reputed father shall fail or neglect to give the security required by the court, and pay

the costs of prosecution, he shall be committed to the jail of the proper county there to remain until he shall comply with the order of the court, or until such court shall on sufficient cause shown, direct him to be discharged. *Rev. Stat.* p. 200, § 5.

By the constitution adopted since the act passed to provide for the support of illegitimate children, it is provided, that "no person shall be imprisoned for any debt in any civil action on mense, or final process unless in case of fraud, and no person shall be imprisoned for a militia fine in time of peace." Art. 2, § 9. As this article in the constitution abolishes imprisonment for debt in all civil actions (except in cases of fraud) it becomes important to ascertain and determine whether a prosecution under the bastardy act is a civil or criminal proceeding. In many respects the forms used in the suit, are very much assimilated to those adopted in criminal cases. Complaint against the putative father is made before a justice of the peace, a warrant is the process used running in the name of the state, by which the accused is arrested and brought before the magistrate, and in case it appears that he is the father of the child, and if he does not pay the complainant such sum as she may agree to receive &c. he is required to enter into recognisance for his appearance at the next term of the district court. Thus the way and manner pointed out by the statute, for the complainant to bring her suit for the support of the child, resembles in many respects proceedings in criminal cases. Still the charge of bastardy against the defendant in itself is in no sense of a criminal nature. The defendant has not violated any criminal or penal statute, nor was the connection which produced the illegitimate offspring forbidden by law. He could not have been indicted, nor in any manner convicted or punished as a public offender. The statute has provided for the punishment for rape, fornication, and adultery, but neither of these need be resorted to for the purpose of begetting a bastard child, and not even seduction as the right of action is complete when the inter-

Holmes *v.* The State.

course is by mutual consent of the parties, and a child the result of such immorality. A natural as well as a civil liability attaches to the father to support his own offspring, however much the mother may have been the cause of inducing the act, which brings into the world a bastard child.

The complaint and proceedings are of a summary nature to secure to the woman (who is in such cases favored by the law) a speedy remedy for the support of her infant child. She is permitted to use the name of the state, to have compulsory process, and thus she can obtain a judgment without that delay attending civil suits in the usual form. In this way she is saved much trouble and inconvenience. Immediate means can be obtained for the support of the child, and the door of escape to some extent closed upon the defendant, whereby he is prevented from avoiding those legal and moral obligations which men under such circumstances are very reluctant to observe.

For the purpose of affording a prompt remedy this statute was passed. But while the statute gives the right to a speedy action, and the woman is permitted to bring to her assistance the forms of criminal law, still the suit thus allowed to be instituted is a civil suit, to inure to the benefit of herself and child.

The mother may dismiss the prosecution, settle the matter and release the defendant if she chooses, or if judgment is obtained receipt it in full, and the state cannot interfere or prevent it. The object and purposes of the complaint are to obtain from the putative father an amount sufficient to maintain the child, and not to punish him criminally for the carnal intercourse.

The judgment of the court ordering the accused into confinement until he should comply with its conditions, is not the infliction of punishment for a criminal offense, or for any thing which he has done, but rather as a punishment for not complying with the requirements of the law, and the judgment of the court.

With the exception of the decisions of two states with

peculiar statutes in relation to bastardy we cannot find a case where proceedings in bastardy are decided to be strictly criminal proceedings. In Pennsylvania, the prosecution is by indictment. *Commonwealth* v. *Pintard,* 1 Browne 59.

In Massachusetts and Vermont the prosecution is held to partake of the nature of both a civil and criminal suit. *Hill* v. *Wells,* 6 Pick. 104. *Rubie* v. *McNiece,* 7 ib. 419. But in many of the states with statutes similar to our own, where the defendant is arrested, pleads not guilty, is bound over to court, and can be committed to jail in failing to comply with the orders of the court, a suit in bastardy has been held a civil suit. *Harman* v. *Taylor,* 2 Conn. 357; *Schaler* v. *Commonwealth,* 6 Litt. 89; *Martson* v. *Jennings,* 1 N. H. 156; *Monroe* v. *Dyer,* 2 Greenl. 165; *Seintland* v. *The Commonwealth,* 6 J. T. Marshall 585; *Walker* v. *The State,* 6 Black. 1.

In the case in 11 N. H. with a statute much like ours the court say: "It is evident we think, from these considerations that the object of the statute is not to impose a punishment for an offense, but to redress a civil injury. For the purpose of affording this redress, the legislature (as they may in all cases of civil injury) have deemed it expedient to authorize the employment of process usually applicable to criminal proceedings alone. But the process is merely the form by which the redress is sought. The purpose to be obtained is an indemnity. As soon as this indemnity is furnished the object of the law is satisfied without affixing any stigma upon the character of the respondent as in criminal convictions, and in other states it is regarded as a civil remedy. The court further say that complaints under the act are substantial civil suits, although some of their forms are adopted from the criminal code." The said doctrine is contained in the authorities above cited.

We think it clear from the authorities, as well as from the nature and object of the action that the suit brought in this case was a civil suit and that the defendant under

the constitution was exempt from imprisonment. That portion of the judgment of the district court ordering the defendant John Holmes to be imprisoned, is reversed at the costs of the defendant in error, and the remaining portion of the judgment is affirmed.

*S. Whicher,* for plaintiff in error.

*W. G. Woodward,* for defendant.