## MARTIN M. DOYLE, Plaintiff in Error, *v.* GEORGE JESSUP, Defendant in Error.

### ERROR TO WABASH.

In an action by a father for the seduction of his daughter, some proof of ser-
vice by the latter, or the right to service from her, is required ; but service
however trivial, will sustain a verdict.

In an action on the case for seduction, where a claim is made for expenses in
curing the seduced, if there is a general verdict, the presumption will be
that the jury allowed nothing on such claim, if there was no proof to sus-
tain it.

If the seduced is examined as a witness, it is not proper to ask of her, whether,
about the time the child was begotten, she had not intercourse with other
men.

A verdict for eight hundred dollars, in an action of seduction, is not ex-
cessive.

THIS was an action of trespass, *per quod servitium amisit,*
brought by the defendant against the plaintiff, for the seduc-
tion of his daughter. Declaration in the usual form. Plea,
not guilty. The venue was changed to Wabash county, and
at the September term, 1860, of said court, the cause was
tried before BEECHER, Judge, and a jury, who returned a
verdict for the defendant in error, of $800. At the same
term, motions for a new trial and in arrest of judgment were
entered and overruled, and judgment rendered on verdict.
Exceptions were taken at the time to the judgment of the
court, and bill of exceptions signed, sealed, and made part of
the record.

Jemima Jessup, the daughter seduced, was examined as a
witness.

Counsel for defendant in court below asked witness if she

did not have connection with others about the time she had it with plaintiff in error, Doyle. Plaintiff in the court below objected, and the court sustained the objection, and the question was not answered. Exception was taken to the ruling of court.

R. S. Nelson, for Plaintiff in Error.

Cited, 1 Camp. 460; 5 Saund. Pl. and Ev. 785; 3 Esp. R. 116; 1 Starkie, 287.

E. and A. Beecher, for Defendant in Error.

In support of the first assignment of error, the plaintiff in error (defendant below,) cites *Bamfield* v. *Massey,* 1 Camp. 460. In that case, the plaintiff sought to introduce evidence of his daughter's character, which was refused. That has no analogy to this case.

*King* v. *Francis,* 3 Esp. R. 116, was a similar case, and decided in the same way, and is equally inapplicable to the present case.

In 2 Saunders on Pl. and Ev., p. 858, it is expressly said, that "the daughter cannot be cross-examined as to illicit intercourse with other men." And this is one of the authorities cited by plaintiff in support of this assignment of error. Such, too, is the decision in *Dodd* v. *Norris,* 3 Camp. 518, and in 2 Greenl. Ev., sec. 577. 2 Starkie on Ev. 990; *Wallace* v. *Clark,* 2 Tenn. R. 93; 3 Stephens' Nisi Prius, 2355.

The case of *Vaughn* v. *Perrine,* Pennington R. 234, is directly in point, and discusses the question fully; and there the witness was not allowed to be asked whether she had had intercourse with other men.

The second assignment of error refers to evidence of admissions of defendant below, made, as it is insisted, pending a compromise. In this certainly no rule of law was violated. It is only admissions that are made for the purpose of effecting a compromise that are excluded. Admissions of facts made even pending such compromise, are competent evidence. In support of these propositions, we refer with perfect confidence

to the following authorities: *Marsh* v. *Gold*, 2 Pick. 284; *Gerrish* v. *Sweetser*, 4 Pick. 373; *Sanborn* v. *Neilson*, 4 N. H. 501; *Hyde* v. *Stone*, 7 Wend. 354; *Hartford Bridge Co.* v. *Granger*, 4 Conn. 142; *Fuller* v. *Hampton*, 5 Conn. 426; *Hamblett* v. *Hamblett*, 6 N. H. 342; *Delogny* v. *Rentoul*, 2 Martin's (Law) R. 175; *Wallace* v. *Small et al.*, 22 Eng. Com. Law, 355; *Arthur et al.* v. *James et al.*, 28 Penn. State R. 236; *Garner et al.* v. *Myrick et al.*, 30 Miss. 448; *Cates* v. *Kellogg*, 9 Ind. (Tanner) 506; *Wilt* v. *Bird*, 7 Blackf. 258; *Harrington* v. *Inhabitants of Lincoln*, 4 Gray (Mass.) 563; *Travis* v. *Barger*, 24 Barb. 614; 1 Greenl. Ev., sec. 192; 2 Starkie on Ev. 27.

CATON, C. J. This was an action on the case by the father, for the seduction of his daughter. Technically, the ground of recovery is the loss of the services of the daughter, and the rule of the books seems to be, that the father must prove some service, in order to entitle him to maintain the action. This is nominally the ground on which the plaintiff's right of action rests, while, practically, the right to recover rests on far higher grounds—that is, the relation of parent and child, or guardian and ward, or husband and wife, as well as that of master and servant; and it seems almost beneath the dignity of the law to resort to a sort of subterfuge, to give the father a right of action which is widely different from that for which he is really allowed to recover damages. But the law may still require proof of service, or at least the right to service, when the child is a minor; but this, as well as any other fact, may be proved by circumstances sufficient in themselves to satisfy the jury that the party seduced did actually render service to the plaintiff, and the most trivial service has always been held sufficient. But here the proof is abundant to satisfy any rule of law which has ever been recognized in such a case. The plaintiff's daughter, for whose seduction the action was brought, was a minor, and lived with her father, and actually performed service for him, and was seduced by the defendant upon the plaintiff's premises. This, by the strictest requirement of the law, entitles the plaintiff to maintain the action.

In his declaration, the plaintiff claims as well for expenses and nursing in curing his daughter, as for the loss of services. It is now objected, that there was no proof that the plaintiff paid anything, or was at any expense in curing her. If this be so,—if, from the proof, the plaintiff was entitled to recover nothing on this account, the presumption is, that the jury allowed nothing for it. The verdict is general. The plaintiff did prove a cause of action as stated in his declaration, for which the jury had a right to award him damages to the amount of this verdict, or even more, and the damages assessed must be referred to the cause of action proved. A plaintiff is never required to prove the full extent of the claim which he makes, so as he does prove sufficient to maintain the action and to justify the verdict.

Were it open to controversy, we should be strongly inclined to hold that the question should have been allowed to be put to the witness, whether she had not had intercourse with other men, about the time when this child was begotten. But the law is too well settled by adjudged cases, both in this country and in England, that such an inquiry shall not even be allowed to be made of the witness, to permit us to disturb it, and we are not prepared to say that this rule has not been established upon substantial reasons.

We have no inclination to disturb this verdict because it is excessive. On the contrary, we do not think it too high. Even a much larger verdict would fall far short of repairing the damages which the defendant has done to the plaintiff. Indeed, no pecuniary compensation could repair it. What judge, what juror, what man, worthy of the name of man, would be willing to have a daughter debauched for eight hundred dollars, or for any other sum of money? If this defendant now thinks the amount of this verdict is more than sufficient to repair the wrong which he has done to the plaintiff's domestic circle, he will change his mind, should he ever have a daughter who shall arrive at the age of puberty, and will despise himself for ever having thought otherwise.

The judgment must be affirmed.

*Judgment affirmed.*