*W. R. Pierse* and *H. D. Thompson,* for appellant.

HARVARD LAW LIBRARY

BELL *v.* RINKER.

SEDUCTION.—PLEADING.—It is not necessary that a complaint for seduction should contain an averment of the previous chastity of the plaintiff.

SAME.—EVIDENCE.—Evidence of previous chastity is admissible, as affecting the question of damages.

SAME.—INSTRUCTIONS.—On the trial of an action for seduction, the court instructed the jury as follows: "1. If an unmarried man, having by his visits and attentions to an unmarried female gained her affections and confidence, importunes her to sexual intercourse with him, and she, through her confidence in and love for him, yields to his solicitations, it is seduction. 2. If an unmarried man solicits sexual intercourse with an unmarried female, and she yields through the promptings of her own lascivious desires, it is not seduction," &c.

*Held,* that the first instruction was not subject to any well founded objection, and, taken in connection with the second, could not have misled the jury.

Bell *v.* Rinker.

SAME.—The court refused to instruct the jury that "they could not indulge in any presumption in favor of the good character of the plaintiff, as the law raised no such presumption,—that being matter of proof. In passing upon the question of character, you should take into consideration her own evidence, and her own conduct as shown by the evidence."

*Held*, that the instruction was correctly refused; 1, because much of the evidence of the plaintiff had no bearing upon the subject of character; and 2, because her conduct was not proper to be considered in that connection, as character can neither be attacked nor sustained by proof of specific acts.

PRACTICE.—Where a motion in the court below is based upon affidavits, the bill of exceptions to the ruling of the court must contain the affidavits, in order to present the question on appeal.

SAME.—SUPREME COURT.—The Supreme Court will not disturb a judgment upon a mere question of the credibility of witnesses.

APPEAL from the *Union* Common Pleas.

FRAZER, J.—This was a civil suit by the appellee against the appellant for her own seduction. There was no averment in the complaint that the plaintiff was a woman previously chaste, or of good repute for chastity. For this reason, the appellant urges that the complaint was bad, and that the court below erred in overruling a demurrer to it. We do not find ourselves able to concur in that opinion. The fact may be pertinent to the question of the measure of damages, and evidence upon the subject is admissible, but it is not essential to the right of action. A female not previously chaste, or of good reputation for chastity, may nevertheless resolve to be virtuous, and may be disposed to adhere to that resolution. Such an one, the law protects against the enticements of unprincipled men, by giving her damages against him who allures her from the correct path which she has chosen.

The court instructed the jury as follows: "2. If an unmarried man, having by his visits and attentions to an unmarried female, gained her affections and confidence, importunes her to sexual intercourse with him, and she, *through her confidence in him and love for him, yields* to his solicitations, it is seduction.

"3. If an unmarried man solicits sexual intercourse with

an unmarried female, and she yields through the prompt-ings of her own lascivious and lecherous desires, it is not seduction, such as will entitle her to recover damages in her own right, though a child be begotten by the connection."

The first of these instructions is called in question here. But fairly construed, it is not liable to any well founded objection. The appellant's counsel overlooks, in argument, that part of the instruction which we have put in italics, and which is the most important element in it. The jury could not well ignore it, with the third instruction before them, as above set out.

The court refused to give the following instruction, prayed for by the defendant:

"The jury cannot, in this case, indulge in any presump-tion in favor of the character of the plaintiff; the law raises no presumption of good character in her favor, in that regard. So far as character is concerned, it is a matter of proof. In passing upon the question of character, you should take into consideration her own evidence and her conduct, as shown by the evidence."

This instruction was, we think, correctly refused. Much of the plaintiff's own evidence, given as a witness, had no bearing, even in the remotest degree, upon the question of her character, and it would have been improper, therefore, to have directed the jury to consider it in passing upon the question of character. Then, again, her conduct was not proper to be considered in that connection. Character could not be either attacked or sustained by proof of specific acts. The only evidence before the jury proper to be considered in determining her previous character for chastity, and we suppose that was what was meant, was that which related to her reputation. So that if the first part of the instruc-tion be good, concerning which no opinion need now be expressed, yet inasmuch as the latter part was not a correct statement of the law, it was not error to refuse the whole.

During the progress of the trial, the defendant, upon affida-vit filed, applied for leave to take the deposition of a wit-

ness, and leave was refused.   This ruling is complained of, but in the state of this record, we cannot pass upon the question, even if the action of the lower court upon such a motion is, in any case, subject to review in this tribunal. The affidavit is not properly here.   It was not made a part of the record by bill of exceptions, and though the clerk has improperly copied it into the transcript, yet we cannot notice it.

The sufficiency of the evidence is discussed, but we cannot reverse the judgment upon the evidence.   There was enough, if true, to support the verdict.   It was directly and flatly contradicted in every essential particular, the parties both being witnesses.   The question of credibility is not for us.   Our position does not afford us the means for its determination which were possessed by the jury and the judge who presided at the trial, who had the witnesses personally before them, and could observe indications of candor, on the one hand, and insincerity upon the other, which no art or skill could possibly place upon the record.   The rule that this court shall not disturb a verdict upon a question of the mere credibility of witnesses is so eminently wise, that nothing could possibly justify a disregard of it.

The judgment is affirmed, with costs.

*B. F. Claypool*, for appellant.

*J. S. Reid, J. Yaryan* and *N. Trusler*, for appellee.