PETER JOHN HOBSON

v.

MARY FULLERTON.

1. SEDUCTION—ACTION BY THE MOTHER.—Where there is no proof of the relation of master and servant actually existing between the mother and daughter, there must be some proof that the mother was entitled to the wages of her daughter at the time of the alleged seduction, in order to sustain the right of action by the mother for seduction of her daughter.

2. RIGHT OF ACTION IN THE FATHER.—The right of the mother to the custody of a minor child does not arise in the life-time of the father, unless so ordered by the court in a proper case, and in the absence of proof to the contrary it will be presumed that the father is still alive and the right of action remains in him.

Hobson v. Fullerton.

ERROR to the Circuit Court of Greene county; the Hon. ALBERT G. BURR, Judge, presiding. Opinion filed October 2, 1879.

Mr. CHARLES D. HODGES and Messrs. KNAPP & RIGGS, for plaintiff in error; argued that where the minor daughter has her home with another, under a contract to serve for her own support during minority, or having attained majority is not in the actual service of nor residing with her parent, no right of action arises, and cited White v. Murtland, 71 Ill. 250.

As to erroneous instructions given for plaintiff: Van Tuyl v. Riner, 3 Bradwell, 556; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88.

Mental anguish must be proved before a jury will be warranted in giving damages on that account: Adams v. Smith, 58 Ill. 417.

Mr. J. W. ENGLISH and Mr. H. C. WITHERS, for defendant in error; as to the right of a parent to sue for seduction after majority, cited Boyd v. Byrd, 8 Blatch. 113; Davidson v. Goodale, 18 N. H. 423; Martin v. Payne, 9 Johns. 387; Lipe v. Eisenlord, 32 N. Y. 229; Villepigue v. Shular, 3 Strobh. 462.

Actual service for the parent is not necessary: White v. Murtland, 71 Ill. 250.

McCULLOCH, J. This was an action on the case brought by defendant in error against plaintiff in error for the seduction of her daughter. The declaration sets out no special reasons why the suit was brought in the name of defendant in error, except that Anna Fullerton, whom plaintiff in error is alleged to have seduced, was her daughter and servant, and that in consequence of the wrongful acts of plaintiff in error she was deprived of her daughter's service. The jury returned a verdict for plaintiff below, for the sum of $2,950. A motion for a new trial was entered and overruled, and judgment rendered upon the verdict. At the time of the alleged seduction the daughter of defendant in error was living at the house of the

father of plaintiff in error, as his hired servant, and it is in evidence that the mother was to some extent dependent upon the wages of the daughter for her support, and from time to time received money from her. There is no evidence, however, that the mother was entitled to her services or could command them, other than the mere fact that Anna was her daughter and under eighteen years of age. Where there is no proof of the relation of master and servant actually existing between the mother and daughter, there must be proof that the mother was entitled to her services. The proof as to Anna's age was somewhat conflicting, and at best she was only one or two weeks under eighteen years of age at the time of the alleged seduction, and did not return to her mother's house until after she had arrived at that age. It was therefore incumbent upon plaintiff in the court below to prove that at the time of the alleged seduction, she was entitled to or had the right to command her daughter's services to her own use. Ball v. Bruce, 21 Ill. 161; Doyle v. Jessup, 29 Ill. 460. This, we think, she failed to do. The presumption is that the daughter was born in lawful wedlock, and that her father is still alive. If so, the right of action is in the father and not in the mother. The right of the mother to the custody of her minor child does not arise during the life-time of the father, unless so ordered by a court in a proper case. R. S. 1874, 559. There is no proof in the record by which the right of defendant in error to bring this suit is established. Martha Fullerton testifies: "My husband and the husband of plaintiff were brothers," but she gives no reason why they are not brothers yet. If we are to infer from this language that one of them is dead, we cannot tell which one. They may both be dead, but there is no proof of that fact, and if only one be dead that would destroy the former relationship of brothers.

The first instruction for defendant in error is to the effect that if the jury believe, from a preponderance of the evidence, that plaintiff in error seduced her daughter while she was under eighteen years of age, then they should find in favor of defendant in error. This instruction ignores the necessary item of proof above alluded to. There being no

presumption of law that defendant in error was entitled to the services of her minor child, it became necessary to prove that fact before she could recover.

The third, fourth and fifth instructions for defendant in error are likewise objectionable for the same reason. The judgment is therefore reversed and a *venire de novo* awarded.

Reversed and remanded.