SMITH v. YARYAN, BY HER NEXT FRIEND.

SEDUCTION.—*What Constitutes.*—*Action for.*—If an unmarried man, having by his visits and attentions to an unmarried female gained her affections, and confidence, importunes her to sexual intercourse with him, and she; through her confidence in him and love for him, yields to his solicitations, it is seduction, for which, under section 24 of the code, she may maintain an action and recover "such damage as may be assessed in her favor."

SAME.—*Evidence.*—*Character of Seduced.*--*Impeachment.*—In an action for seduction, the woman seduced can not be asked on cross-examination, for the purpose of showing her bad character, whether she had not had criminal intercourse with other men, nor for the purpose of impeaching her if she deny it.

SAME.—*Damages.*—*Paternity of Child.*—*Evidence.*—Where, however, a child is born as the result of the alleged seduction, the question whether or not the defendant is the father of such child is proper to be considered in assessing the damages, though nothing can be assessed for its main-tenance. Such question must be tested in the same manner as if the prosecution were for bastardy; and it is competent, therefore, to ask woman seduced, on cross-examination, for the purpose of showing paternity of such child, whether she had sexual intercourse with any other person than the defendant, about the time the child was begotten.

From the Montgomery Circuit Court.

*W. P. Britton, M. W. Bruner, T. L. Stilwell* and *H. H. Dochterman*, for appellant.

*E. C. Snyder*, for appellee.

WORDEN, J.—Complaint by the appellee, against the ap-pellant, as follows :

" Electa Yaryan, plaintiff, being an infant under the age of twenty-one years, by her next friend," etc., " complains of George W. Smith, defendant, and says that she is now and always has been unmarried ; that on or about the ——— day of January, 1876, said defendant, being an unmarried man, began paying his attentions to, and to wait upon, said plaintiff; that afterward, to wit, on the 14th day of July, 1876, and at divers other times thereafter, said defendant, having by his visits and attentions, and expressions of

love and affection, gained the confidence and affections of the plaintiff, importuned her to sexual intercourse with him ; and she, through her confidence in and love for him, yielded to his solicitations and had illicit carnal intercourse with him ; that, by reason of said intercourse, she became sick and pregnant with child, by reason of which she was for a long time, to wit, one year, rendered unable to work and perform her usual services ; that, in consequence of the wrong done her by said defendant, she has suffered much in body and mind, and has been damaged in the sum of three thousand dollars. Wherefore," etc.

Issue was joined, and the cause tried by a jury, resulting in a verdict and judgment for the plaintiff, for the sum of $1,000.

Error is assigned upon the supposed insufficiency of the complaint, and upon the overruling of a motion by the appellant for a new trial.

It seems to us that the complaint was good, especially after verdict. · The statute gave the plaintiff the right of action in the following language :

"Any unmarried female may prosecute as plaintiff an action for her own seduction, and may recover therein such damages as may be assessed in her favor." Code, sec. 24.

In the case of *Bell* v. *Rinker*, 29 Ind. 267, it was held, that " If an unmarried man, having by his visits and attentions to an unmarried female, gained her affections and confidence, importunes her to sexual intercourse with him, and she, through her confidence in him and love for him, yields to his solicitations, it is seduction." Such was the case, in substance, charged in the complaint before us. See, also, the case of *Rees* v. *Crupp*, 59 Ind. 566.

Smith *v*, Yaryan, by her next Friend.

We pass to the questions arising upon the motion for a new trial.

On the trial of the cause, the plaintiff was a witness on her own behalf, and testified, among other things, that the defendant commenced paying attentions to her in January, 1876, and continued his visits up to April, 1877; at first he came once in two weeks, then once a week, and after July, 1876, as often as two or three times a week, remaining sometimes until 12 o'clock at night, and sometimes until 2 or 3 o'clock in the morning; that, on the night of July 14th, 1876, in consequence of the love she bore to the defendant, and the confidence she placed in him, she yielded to his solicitations for sexual intercourse with him, and had such intercourse with him on other occasions after that. As the result of such intercourse, she gave birth to a child on April 12th, 1877.

On the cross-examination, the defendant's counsel propounded to the plaintiff, as such witness, the following questions, viz.:

"1st. Did you not have sexual intercourse with Howard Pierce, on or about the 14th day of July, 1876?

"2d. Did you not have sexual intercourse with Howard Wilcox, on or about the 14th day of July, 1876?

"3d. Did you not have sexual intercourse with Scott Steele, on or about the 14th day of July, 1876?

"4th. Did you not have sexual intercourse with Howard Pierce, Scott Steele and Howard Wilcox, at various times, on, after and before the 14th day of July, 1876?"

These questions were severally objected to by counsel for the plaintiff, and the objections were sustained. Exceptions by the defendant. These questions were asked, as is shown by the record, "for the purpose of showing whether the defendant was the father of said bastard child," as well as for some other purposes.

It is abundantly established, that, in an action for seduction, the woman seduced can not be asked, on cross-examination, for the purpose of showing her bad character, whether she has not had criminal intercourse with other men, nor for the purpose of impeaching her if she deny it. *Shattuck* v. *Myers*, 13 Ind. 46; *Bell* v. *Rinker*, *supra;* 5 Wait Actions & Defences, 667; 1 Greenl. Ev., sec. 458; 2 Greenl. Ev., sec. 577; *Hoffman* v. *Kemerer*, 44 Pa. State, 452; *Doyle* v. *Jessup*, 29 Ill. 460.

In the language of this court, in the case of *Bell* v. *Rinker*, *supra*, "Character could not be either attacked or sustained by proof of specific acts."

But the question arises, whether the questions propounded were not competent for the purpose indicated, viz., to show the paternity of the child.

The statute above set out, giving an unmarried woman the right to prosecute an action for her own seduction, does not furnish any measure or criterion of damages, except "such as may be assessed in her favor." We suppose she could not recover, in such action, any thing for the support and maintenance of a bastard child, because that is provided for in the act on the subject of bastardy.

But, where a child is born as the result of the seduction, the fact of such birth could not fail to be considered by a jury in estimating the damages to which the plaintiff would be entitled for the seduction. Indeed, it would seem to be a very proper element to be considered in assessing the damages.

There might, however, be a seduction, and the party seduced might give birth to a child having a paternity other than that of the seducer. In such case, the damages against the seducer ought not to be enhanced in consequence of the birth of such child.

The question was before the jury, whether the defend-

Smith *v.* Yaryan, by her next Friend.

ant was or was not the father of the child, because, if he was, the pregnancy of the mother and birth of the child were proper matters to be considered by the jury, in assessing the plaintiff's damages; and if he was not, such pregnancy and birth could not have been properly taken into consideration.

It seems to us, therefore, that the question, whether the defendant was the father of the child, must be tested in the same manner as if the prosecution were for bastardy.

So far as this point in the case is concerned, the question arising is the same as that arising in bastardy, and we see no reason for departing from the established practice in bastardy cases in this particular. It is well established that in bastardy cases it is competent to ask the prosecuting witness, on cross-examination, whether she had had sexual intercourse with any other person than the defendant, about the time the child was begotten. *Walker* v. *The State*, 6 Blackf. 1; *Hill* v. *The State*, 4 Ind. 112; *Townsend* v. *The State*, 13 Ind. 357; *Whitman* v. *The State*, 34 Ind. 360.

The plaintiff, as has been seen, testified that she first had sexual intercourse with the defendant on the 14th of July, 1876, and that her child was born on April 12th, 1877. Hence, according to the usual period of gestation, the child must have been begotten about the time indicated by the first three questions above set out, viz., July 14th, 1876.

We are of opinion, therefore, that the first three questions were competent, and that the objection to them was improperly sustained. No error was committed in sustaining the objection to the fourth question, as that covered such time as made it irrelevant and incompetent for any purpose.

The judgment below is reversed, with costs, and the cause remanded for a new trial.