# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1883, IN THE SIXTY-EIGHTH YEAR OF THE STATE.

◆

### No. 11,183.

## IRELAND v. EMMERSON.

<div style="float:right">
93  1
154  449
93  1
f168  266
</div>

BREACH OF MARRIAGE CONTRACT.—*Defence.*—*Former Adjudication.*—*Seduction.*—In an action to recover damages for an alleged breach of a contract of marriage, an answer setting up a former adjudication in the defendant's favor in a civil action, brought against him by the same plaintiff, to recover damages for her alleged seduction by the defendant, is not a sufficient defence, even though she may have alleged in her complaint in the former action that the defendant had seduced her under promise of marriage.

PRACTICE.—*New Trial.*—*Insufficient Cause.*—*Exclusion of Evidence.*—Where the exclusion of offered evidence is assigned as cause in the motion for a new trial, the cause is insufficient if it fails to point out with reasonable certainty the particular evidence excluded.

SAME.—*Truth of Cause.*—*Bill of Exceptions.*—*Supreme Court.*—A cause for a new trial will not be considered by the Supreme Court, unless the truth of the facts, assigned as such cause, is shown by bill of exceptions.

SAME.—*Instruction.*—*Omission.*—Where an instruction is complained of as erroneous in the Supreme Court, solely on the ground of an alleged omission therein, the error, if such it be, will not be available for the reversal of the judgment, unless it is further shown by the record that the trial court, upon the reasonable request of the complaining party, had refused to give an instruction supplying such omission.

From the Gibson Circuit Court.

*C. A. Buskirk, W. M. Land* and *J. B. Gamble,* for appellant.
*J. E. McCullough* and *M. W. Fields,* for appellee.

HOWK, C. J.—This was a suit by the appellee, Ida Emmerson, against the appellant, Levi F. Ireland, to recover damages for the defendant's breach of an alleged contract of marriage. The cause was put at issue and tried by a jury, and a verdict was returned for the appellee assessing her damages in the sum of $975. Over the appellant's motions for a new trial, and in arrest of judgment, the court rendered judgment against him, in appellee's favor, for the damages assessed and the costs of suit.

The first error, of which the appellant's counsel complain in argument, is the decision of the trial court in sustaining appellee's demurrer to the second paragraph of appellant's answer. This second paragraph of answer set up a former adjudication, as alleged, of the appellee's cause of action in this suit, in an action previously brought by her to recover damages for her alleged seduction by the appellant. In her complaint in the seduction case, the appellee averred, among other things, that by his visits, attentions and expressions of love, and " by promising to marry her," the appellant gained her confidence and affection, and importuned her to sexual intercourse with him, and that she, through her confidence in and love for him, " and relying upon his said promise of marriage with her," yielded to his solicitations and had illicit carnal intercourse with him, etc. After setting out the complaint in the seduction case, in the second paragraph of his answer in this case, the appellant alleged that he filed his answer to such complaint in general denial thereof, that the issues thus joined were submitted to a jury for trial, and a verdict was returned for the appellant, the defendant in such suit, and that thereupon final judgment was rendered in his favor by the court below. Appellant further averred in the second paragraph of his answer, that the promises of marriage stated by appellee, in her complaint in this suit, were the

same and no other, as the promises of marriage set forth in her complaint in such seduction suit; and that the evidence, produced upon the trial of such seduction suit, related to the same promises of marriage set forth in appellee's complaint in this suit.   Wherefore, etc.

Appellant's counsel earnestly insist that the adjudication in the seduction case was a complete and final bar to the cause of action, stated in appellee's complaint, in the case now before us.   We are clearly of the opinion, however, that this position of counsel can not be maintained, either upon reason or upon authority.   If, upon the trial of the seduction case, the appellant's promises of marriage and his breach of such promises had been established beyond all doubt by clear and uncontradicted evidence, yet, if, from any cause, the evidence failed to show that the appellee had been seduced, as alleged, by the appellant, it is certain that she could not, as she did not, recover damages in such seduction case for the established breach of appellant's promises to marry her.   The reasons for this are obvious.   In her complaint in the seduction case, the appellee did not seek to recover damages for the appellant's breach of his contract to marry her.   Indeed, she did not aver, in her complaint for seduction, that the appellant had committed any breach of his promises to marry her.   All that was said by appellee in her complaint, in the seduction case, in relation to the appellant's promises to marry her, was manifestly said solely for the purpose of explaining the means by which he had accomplished her seduction, and not as constituting a material part of the cause of action stated in such complaint.   A promise of marriage is one of the means often resorted to by the seducer to accomplish his purposes; but such promise is, by no means, a necessary element in seduction.   That is, seduction may be accomplished without any promise of marriage.   *Johnson* v. *Holliday,* 79 Ind. 151; *Haymond* v. *Saucer,* 84 Ind. 3; *Wilson* v. *Shepler,* 86 Ind. 275.

In *Bell* v. *Rinker,* 29 Ind. 267, it was held that "If an un-

married man, having by his visits and attentions to an unmarried female, gained her affections and confidence, importunes her to sexual intercourse with him, and she, *through her confidence in him and love for him, yields* to his solicitations, it is seduction." This statement of the law, in such a case, was quoted with approval in the later case of *Smith* v. *Yaryan,* 69 Ind. 445 (35 Am. R. 232). See, also, *Rees* v. *Cupp,* 59 Ind. 566. It has never been held by this court, so far as we are advised, that an averment, that the seduction was accomplished under a promise of marriage, is a necessary averment in a complaint for seduction. The averment is often made in such cases; but it will be found, on examination, that it is generally made as matter of inducement, explanation or aggravation. It is not the averment of a material or necessary fact in an action for seduction; and, therefore, the verdict of a jury, either for or against the plaintiff therein, and the judgment of the court thereon, will not bar or conclude such plaintiff from instituting and maintaining an action for the recovery of damages for an alleged breach of a contract of marriage. Our conclusion is that the court did not err in sustaining appellee's demurrer to the second paragraph of the appellant's answer.

In the appellant's motion for a new trial, the first cause therefor is thus assigned: "The court erred in excluding from the jury the evidence of Vina White, offered by the defendant." It is insisted by appellee's counsel, that this cause for a new trial is too vague, indefinite and uncertain to direct the attention of the court below, or of this court, to the supposed error of the court in the exclusion of offered evidence. This point seems to be well taken, and must be sustained. In *McClain* v. *Jessup,* 76 Ind. 120, the first cause for a new trial, in the motion therefor, was stated in precisely the same words as in this case, except as to the name of the witness; and it was held to be insufficient to present any question for the decision of this court upon the ruling excluding such evidence. So, in *Grant* v. *Westfall,* 57 Ind. 121, it was held that where a party complains of an alleged error of the court,

Ireland *v.* Emmerson.

either in the admission or exclusion of offered evidence, he must point out in his motion for a new trial, with reasonable certainty, the particular evidence so admitted or excluded; otherwise the court below need not, and this court will not, consider such alleged error. So, also, in *Marsh* v. *Terrell*, 63 Ind. 363, it was said: "This rule of practice, which requires that causes for a new trial shall be assigned with clearness, certainty, precision and particularity, was long since established, and is strictly adhered to, in this court."

The second cause assigned for a new trial was, "that the court erred in refusing to permit to the plaintiff, as a witness, on cross-examination, to answer the question put by defendant as to whether she had been engaged to be married to one John Taylor, *over the objection of defendant.*" From the terms of this cause for a new trial, it would seem that the defendant objected to his own question propounded to the plaintiff as a witness. The bill of exceptions fails to show that the defendant put the question stated in the second cause for a new trial to the plaintiff on her cross-examination. It does appear from the bill of exceptions that on the cross-examination of the plaintiff, as a witness, the defendant propounded to her the following question: "Were you not engaged to be married to *Lorenzo* Taylor?" But it nowhere appears in the record, except in the motion for a new trial, that the court refused to permit the plaintiff, as a witness, on cross-examination or otherwise, to answer any question put by defendant "as to whether she had been engaged to be married to one *John* Taylor." The doctrine is familiar that the statement of facts as cause for a new trial in the motion therefor is not regarded as true, in this court, unless the truth thereof is shown by a bill of exceptions properly in the record. *Wiler* v. *Manley,* 51 Ind. 169; *Graeter* v. *Williams,* 55 Ind. 461; *Hyatt* v. *Clements,* 65 Ind. 12. The second cause for a new trial is not shown to be true by the record, and therefore it presents no question for our decision. *Bake* v. *Smiley,* 84 Ind. 212.

The third cause assigned for a new trial is not discussed by the appellant's counsel, and therefore we regard it as waived.

The fourth cause for a new trial is that the court erred in its instructions to the jury. Of these instructions only one is complained of in argument by the appellant's counsel; and, as to that one instruction, counsel complain of what it omits or fails to say, and not of what is actually said therein. In the instruction complained of in argument the court charged the jury as follows: "The plaintiff alleges in her complaint that she and the defendant, in the year 1881, were engaged to be married to each other; that she was always ready on her part to fulfill the engagement; and that the contract was broken by the defendant. All these are material averments, and the burden is upon the plaintiff to prove them by a preponderance of the evidence, in order to justify a verdict in her favor."

Of this instruction appellant's counsel say: "It wholly fails to inform the jury that the defendant had by his answer controverted the allegations of the complaint enumerated by the court, or even that any defence thereto had been interposed, or was possible by the defendant." It can hardly be said, as it seems to us, that the instruction is fairly open to this objection or criticism. When the jury were told that the burden was upon the plaintiff to prove the material averments of her complaint by a preponderance of the evidence, they certainly knew and understood that this was so, because the averments were controverted and not confessed by the defendant. Besides, if the appellant wished the court to instruct the jury more fully or clearly in regard to the issues in the cause, he should have asked the court for such an instruction. Not having done so, he can not be heard to complain in this court of an instruction which is unobjectionable as far as it goes, and in which there is certainly no error of law. *Jones* v. *Hathaway*, 77 Ind. 14; *Taggart* v. *McKinsey*, 85 Ind. 392, p. 396; *Hodge* v. *State*, 85 Ind. 561; *Powers* v. *State*, 87 Ind. 144.

We have found no error in the record of this cause which would authorize or justify the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Jan. 22, 1884.