Rivera, Apelada, *v.* Díaz, Apelante.

Apelación procedente de la Corte de Distrito de Guayama.

No. 869.—Resuelto en mayo 23, 1913.

Non Suit (Mociones de Sobreseimiento) — Prueba del Demandado — Renuncia.—Las mociones de sobreseimiento son dirigidas a la consideración de la

corte y cuando un demandado quiere sostener su objeción a la evidencia del demandante, debe sostener la cuestión sobre ese punto no presentando la suya, porque de hacerlo se entiende que es un abandono de su moción y no será revisable en apelación si la evidencia que ha presentado el demandado suple los defectos que pudiera tener la prueba del demandante.

PRUEBAS—OBJECIONES—RESOLUCIÓN.—Todas las cuestiones sobre admisibilidad de la evidencia deben ser resueltas durante el juicio y antes del fallo, pero ello no es de gran importancia cuando el caso sea juzgado sin un jurado, porque si la evidencia realmente es impertinente, la corte está en condiciones de sustraerse a la impresión causada por ella.

ID.—ACCIÓN DE RECONOCIMIENTO DE HIJOS NATURALES—RELACIONES CARNALES DE LA MADRE CON OTROS HOMBRES.—En pleitos sobre reconocimiento de hijos naturales, la evidencia de que la demandante tuvo relaciones carnales con otros hombres en la época en que el niño pudo ser concebido, es pertinente si se ofrece para demostrar las relaciones carnales con esos hombres en la época de la concepción, y comete error fundamental la corte que elimina dichas declaraciones.

Los hechos están expresados en la opinión.

Abogados y defensor *ad litem* de la demandante menor Josefa Rivera representando a su hijo menor Ramón Rivera: *Sr. C. Domínguez y Rubio.*

Abogados del apelante: *Sres. López de Tord y Canales.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La presente apelación trata sobre un caso de filiación en el que Josefa Rivera como madre del menor Ramón Rivera solicitó de la Corte de Distrito de Guayama que declarase que dicho niño Ramón Rivera es hijo natural reconocido de Josefa Rivera con Ramón Pastor Díaz Molinaris, que tiene derecho a llevar su apellido y a los demás pronunciamientos legales consecuencia de esa declaración, así como que el demandado pague las costas con inclusión de honorarios de abogado. Negada esa demanda y celebrado el juicio correspondiente, dicha corte de distrito dictó sentencia con fecha 12 de enero de 1912 declarando con lugar la demanda y en su consecuencia, que el menor Ramón Rivera es el hijo natural de la demandante con el demandado Pastor Díaz Molinaris, siendo éste su padre ilegítimo y aquél su hijo natural reconocido, con derecho a llevar. su apellido y a percibir la cuota hereditaria que en su día pueda corresponderle, con

todos los demás derechos que el Código Civil vigente le reconoce; dispuso que firme la sentencia se inscribiera en el Registro Civil de Salinas, y condenó al demandado además a pagar las costas, gastos, desembolsos y honorarios de abogado. Contra esta sentencia interpuso el demandado el presente recurso de apelación.

El apelante solicita la revocación de la sentencia, fundado en los cinco errores que sostiene ha cometido la corte inferior, a saber:

*Primero:* Al declarar sin lugar la moción de sobreseimiento que al terminarse la prueba de la demandante presentó el demandado, fundándose en insuficiencia de dicha prueba.

*Segundo:* Al resolver, después del juicio, en el cuerpo mismo de la sentencia, cuestiones de evidencia relativas a eliminación de ciertas declaraciones.

*Tercero:* Al declarar, después del juicio en opinión que dictó para resolver el caso, que era inadmisible toda evidencia con respecto a actos carnales realizados por la demandante con otros individuos en la fecha probable de la concepción.

*Cuarto:* Al permitirle a la demandante, contra las reiteradas objeciones del demandado, que practicase prueba tendente a contrariar las manifestaciones hechas por la misma demandante en un documento público otorgado ante notario y ofrecido y admitido como prueba del demandado.

*Quinto:* Al declarar como un hecho probado que el menor Ramón Rivera es el hijo natural de la demandante con el demandado Ramón Pastor Díaz Molinaris, siendo éste su padre ilegítimo y aquél su hijo natural reconocido.

La demanda alega sustancialmente que allá por el año 1906, el demandado Pastor Díaz llevó a la demandante Josefa Rivera a vivir consigo en una casa de su propiedad donde la tenía bajo el mismo techo y donde hacía vida marital con ella como si fuera su esposa: que mientras vivieron en concubinato, concibió Josefa Rivera y en 26 de noviembre de 1908 dió a luz un niño que se llamó Ramón, quien es el hijo de ella

con Ramón Pastor Díaz Molinaris, el que no se ocultaba de hacer con él los actos de padre para hijo, y a quien sostenía en sus necesidades al igual que a la madre; que durante la concepción y el nacimiento no existía entre los padres ningún impedimento legal que imposibilitase la legítima unión de ellos, y que poco tiempo después de nacido dicho niño, el demandado abandonó a la demandante.

Con respecto al primer motivo del recurso, diremos que efectivamente al terminar la parte demandante la presentación de toda su evidencia, el demandado solicitó de la corte que por no ser suficiente para sostener las alegaciones de la parte demandante, se dictara sentencia de sobreseimiento (*non-suit*). La corte desestimó esa moción, el demandado tomó excepción de esa resolución y entonces presentó su evidencia.

Las mociones de sobreseimientos son dirigidas a la consideración de la corte, *Delucca et al.* v. *Delucca et al.,* 15 D. P. R., 387, y cuando un demandado quiere sostener su objeción, a la evidencia del demandante, debe sostener la cuestión sobre ese punto no presentando la suya, porque de hacerlo se entiende que es un abandono de su moción y no será revisable en apelación si la evidencia que ha presentado el demandado suple los defectos que pudiera tener la prueba del demandante. 38 Cyc., 1560, 1562; *Elmore* v. *Elmore,* 114 Cal., 521; *Lowe* v. *San Francisco, etc., Ry. Co.,* 154 Cal., 576.

Por tanto, para considerar ese primer motivo de error en apelación, sería necesario examinar la evidencia del demandado para ver si con ella ha suplido los defectos que pueda tener la del demandante; y como esto equivale a una revisión de toda la evidencia, sin considerarla, no podemos examinar el primer motivo del recurso, lo que haremos si tenemos que llegar hasta el quinto de los errores alegados y considerar toda la presentada en este caso para ver si sostiene o nó la sentencia condenatoria.

En cuanto al segundo motivo de error, aparece que después que declararon los testigos Juan Ortiz y Juan Santiago,

presentados por el demandado, y luego que éste había concluído la presentación de toda su evidencia, la parte demandante hizo constar que la misma oposición que había hecho cuando declaró el testigo Juan Ortiz, la reproducía en lo que respecta a la declaración de Juan Santiago, de no ser ellas pertinentes a la cuestión controvertida, moción que la corte desestimó por entonces, y que luego en la opinión que redactó para fundamentar su sentencia, resuelve acceder a ella y eliminar esas declaraciones.

Toda cuestión de evidencia debe ser resuelta durante el juicio, 1 Wigmore 62, Sec. 19; y en el caso de *Asbury* v. *Hicklin,* 181 Mo., 658, 81 S. W., 390, la corte dijo: ''La práctica de reservarse la resolución de una objeción hasta el fallo del asunto, es errónea.'' Y en el de *Carpentier* v. *Small,* 35 Cal., 346, se dice: ''Si la corte dicta una resolución durante el juicio, la parte a cuyo favor fué dictada tiene derecho a que el caso sea decidido de acuerdo con ella.'' No cabe duda de que todas las cuestiones sobre admisibilidad de la evidencia deben ser resueltas durante el juicio y antes del fallo, pero ello no es de gran importancia cuando el caso sea juzgado sin un jurado, porque si la evidencia realmente es impertinente, la corte está en condiciones de sustraerse a la impresión causada por ella. Por consiguiente, el error que hubo en este caso por ese motivo, no era sustancialmente perjudicial para el apelante.

El tercer motivo de error es el que se refiere a que después del juicio y en opinión dictada para resolver el caso, se declararon inadmisibles declaraciones tendentes a probar actos carnales realizados por la demandante con otros individuos, en la fecha probable de la concepción.

En la opinión redactada por el juez de la corte inferior para fundamentar su sentencia condenatoria, se resuelve eliminar las declaraciones de Juan Ortiz y Juan Santiago, testigos presentados por el demandado, porque en esta acción de filiación la cuestión a resolver es si el menor Ramón es hijo del demandado y no debe irse más allá de lo alegado,

permitiendo evidencia tendente a justificar si tal niño pudo ser de otro padre, que para nada figuraba en las alegaciones del litigio.

En verdad, esas declaraciones no debieron ser eliminadas, porque en pleitos sobre reconocimiento de hijos, la evidencia de que la demandante tuvo relaciones carnales con otros hombres en la época en que el niño pudo ser concebido, es pertinente si se ofrece para demostrar las relaciones sexuales con esos hombres en la época de la concepción, 5 Cyc., 660, y cuya teoría se halla consignada también en Wigmore, vol. 1, pág. 195, sec. 133, y en innumerables casos resueltos por las cortes, entre ellos los de *Bell* v. *State,* 124 Ala., 94; *Allred* v. *State* (Ala.), 44 So. R., 60; *Short* v. *State,* 4 Harr. (Del.), 568; *Smith* v. *Yaryan,* 69 Ind., 445; 35 Am. Rep., 232.

Al eliminar esas dos declaraciones cometió el juez de la corte inferior un error fundamental que pudo influir en la apreciación de las pruebas, toda vez que las consideró bajo la idea equivocada de que no eran admisibles ni podía tenerlas en cuenta para resolver el caso.

Como en atención a ese error de la corte inferior hemos de conceder un nuevo juicio, en el que tal vez se aporten otras pruebas, no creemos que debamos hacer un estudio de la existente ahora para determinar si ella es tan vigorosa y convincente como es necesario en esta clase de acciones, según declaró esta Corte Suprema en el caso de *Negueruela* v. *Somohano,* 16 D. P. R., 693, en el que se aceptó esa misma doctrina consignada en las sentencias del Tribunal Supremo de España.

La sentencia apelada debe ser revocada y concederse un nuevo juicio.

*Revocada la sentencia y se ordena la celebración de un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.

PRESENTADA moción de reconsideración por la parte demandante fué declarada sin lugar en junio 25, 1913.