Dolores Ginés, representada por su madre María Elena Ginés, demandante y apelada, *v.* José Dolores Escudero, demandado y apelante.

Núm. 8193.—*Sometido:* Abril 1, 1941. *Resuelto:* Abril 28, 1941.

*R. Soltero Peralta,* abogado del apelante; *José E. Díaz,* abogado de la apelada.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Se trata de un caso de filiación en el que en la demanda presentada ante la Corte de Distrito de Arecibo, se alegó en síntesis lo siguiente:

Que siendo el demandado José Dolores Escudero soltero y mayor de veintiún años de edad, llevó relaciones amorosas en el barrio Coto de Manatí, con María Elena Ginés, que

también era soltera y mayor de veintiún años, y como resultado de dichas relaciones procrearon a la demandante Dolores Ginés que nació en dicho pueblo el 27 de noviembre de 1937; que en el acto de la concepción y en el del nacimiento de la demandante Dolores Ginés, sus padres eran hábiles para contraer matrimonio sin dispensa ni impedimento legal alguno; que el demandado José Dolores Escudero desde que procreó a la demandante Dolores Ginés ha venido atendiendo a sus necesidades personales, suministrándole sus alimentos, vestidos y medicinas y dándole en público y en privado el nombre de hija suya, dispensándole el goce y disfrute de la posesión continua del estado de hija natural suya reconocida.

El demandado después de haber radicado una excepción previa de falta de hechos para constituir una causa de acción que fué declarada sin lugar, contestó la demanda negando general y específicamente todos los hechos alegados en la misma por no estar jurada.

Celebrado el juicio correspondiente la corte inferior dictó sentencia declarando con lugar la demanda el 21 de octubre de 1939, contra la cual el demandado ha interpuesto el presente recurso de apelación en el que alega que la corte inferior cometió cinco errores, a saber: primero, al negarse a admitir evidencia de que la demandante tuvo relaciones carnales con otros hombres en la época en que la niña pudo ser concebida; segundo, al considerar la prueba testifical de la demandante como suficiente para sostener el reconocimiento; tercero, al no considerar que existe un conflicto de prueba que no solamente le quita el carácter de robusta y convincente a la presentada por la demandante, sino que destruye su calidad de preponderante; cuarto, al declarar probado que el demandado reconoció por actos y palabras su paternidad sobre la niña; y quinto, al declarar con lugar la demanda.

La opinión que sirvió de base a la sentencia dictada por la corte inferior sólo consta de cuatro párrafos, y dice así:

"Del conjunto de la evidencia, llegamos a la conclusión de que José Dolores Escudero llevó relaciones amorosas con María Elena

Ginés por algún tiempo, y que con motivo de las mismas fué concebida y nació la niña Dolores Ginés, sin que al tiempo de la concepción y del nacimiento hubiera impedimento legal alguno para esas relaciones.

"Aparece, además, prueba que resulta convincente, en el sentido de que Escudero reconoció por actos y palabras su paternidad sobre la referida niña, cuyo reconocimiento hace innecesario resolver si en realidad vivía o no en concubinato público para la fecha del nacimiento.

"*El demandado presentó alguna prueba con el propósito de dar la impresión de que la madre de la niña llevaba una vida de tal naturaleza, que no podría concluirse sobre la paternidad de su hija, y que había otro hombre que era el verdadero padre de la niña; pero aparte de que hubo actos de reconocimiento por parte del demandado, la contestación no levantó cuestión alguna sobre la conducta de la madre y se limitó a negar los hechos de la demanda.* A virtud de esa contestación, la parte demandada se colocó en tales condiciones, *que sólo podía presentar evidencia tendiente a desvirtuar los hechos de la demanda, pues de haberse alegado que había otro hombre en relaciones con la demandante y que era el padre de la niña, entonces, la demandante hubiese tenido la oportunidad de venir preparada para presentar prueba en contra de esa materia nueva.*

"Por las razones expuestas, la corte declara con lugar la demanda y, en su virtud, declara hija natural reconocida del demandado José Dolores Escudero, a la demandante Dolores Ginés, con derecho a llevar su apellido y demás atributos que le concede la legislación civil vigente, con las costas al demandado." (Itálicas nuestras.)

██ . Consideremos el primer señalamiento que se refiere a que la corte inferior se negó a admitir evidencia de que la madre de la demandante tuvo relaciones carnales con otros hombres en la época en que la niña pudo ser concebida. El incidente que dió lugar a la resolución de la corte de que se queja el apelante ocurrió mientras declaraba María Elena Ginés, madre de la demandante, y lo citaremos tal como aparece a las páginas 6 y 7 de la transcripción de evidencia durante el contrainterrogatorio del abogado del demandado. Dice así:

"P. ¿Conoce a Horacio Vélez?—*No, señor; no lo conozco.*

"P. ¿Puede asegurar bajo juramento que no lo conoce?—En el sentido . . .

"Hon. Juez. Tenga calma declarando.

"Testigo. *Yo conocí a Horacio* . . .

"Hon. Juez. Él es un abogado y tiene que defender a su cliente y conteste diciendo la verdad y sin enojarse.

"P. ¿Acepta que conoce a Horacio Vélez?—*De días para acá.*

"P. ¿Si lo conoce?—*Lo conocí.* Yo a ese hombre, llevé este caso por abandono de menores . . .

"Hon. Juez. Después que conteste puede dar la explicación.

"Abogado Sr. Muñoz Igartúa. Excepción.

"P. ¿Dijo que lo conoce?—Sí, señor.

"P. ¿Por qué no lo trajo como testigo a la corte?—Porque Horacio Vélez nunca ha sido nada mío.

"P. Pero sabe que nuestra prueba consiste en eso . . .

"Abogado Sr. Díaz. Me opongo.

"P. ¿Ha visto a Horacio Vélez?—Sí, señor.

"P. ¿Cómo es?—

"Hon. Juez. He visto la contestación de la demanda y niega los hechos nada más. Debe haberlo alegado si quería levantar la cuestión de que tenía amores con otro hombre. Debió haber alegado eso, pero no lo ha alegado. Negando que sea verdad puede traer prueba que no es verdad que sea padre." (Itálicas nuestras.)

Es cierto que a pesar de esta resolución de la corte se permitió a los testigos del demandado declarar en cuanto a las relaciones de María Elena Ginés con Horacio Vélez pero, como hemos visto, el juez al resolver el caso hace constar en su opinión que dicha prueba no era admisible y que el demandado "sólo podía presentar evidencia tendiente a desvirtuar los hechos de la demanda" pues en la contestación no levantó cuestión alguna sobre la conducta de la madre. Es obvio que la corte inferior descartó por completo dicha evidencia en la consideración y resolución del caso en sus méritos.

La cuestión no es nueva en esta jurisdicción y fué resuelta desde el año 1913 en sentido contrario a como la resolvió la corte inferior. En el caso de *Rivera* v. *Díaz*, 19 D.P.R. 548, este tribunal revocó la sentencia precisamente por haberse eliminado evidencia de esta naturaleza, y se expresó así:

"En la opinión redactada por el juez de la corte inferior para fundamentar su sentencia condenatoria, se resuelve eliminar las de-

claraciones de Juan Ortiz y Juan Santiago, testigos presentados por el demandado, porque en esta acción de filiación la cuestión a resolver es si el menor Ramón es hijo del demandado y no debe irse más allá de lo alegado, permitiendo evidencia tendente a justificar si tal niño pudo ser de otro padre, *que para nada figuraba en las alegaciones del litigio.*

"En verdad, esas declaraciones no debieron ser eliminadas, porque en pleitos sobre reconocimiento de hijos, la evidencia de que la demandante tuvo relaciones carnales con otros hombres en la época en que el niño pudo ser concebido, es pertinente si se ofrece para demostrar las relaciones sexuales con esos hombres en la época de la concepción, 5 Cyc., 660, y cuya teoría se halla consignada también en Wigmore, vol. 1, pág. 195, sec. 133, y en innumerables casos resueltos por las cortes, entre ellos los de *Bell* v. *State,* 124 Ala. 94; *Allred* v. *State,* (Ala.), 44 So. 60; *Short* v. *State,* 4 Harr. (Del.), 568; *Smith* v. *Yaryan,* 69 Ind. 445; 35 Am. Rep., 232.

"Al eliminar esas dos declaraciones cometió el juez de la corte inferior un error fundamental que pudo influir en la apreciación de las pruebas, toda vez que las consideró bajo la idea equivocada de que no eran admisibles ni podía tenerlas en cuenta para resolver el caso." (Itálicas nuestras.)

Nótese que expresamente se hace constar que la cuestión no había sido planteada en las alegaciones.

En el caso de *Rico* v. *López,* 21 D.P.R. 214 se ratificó esta doctrina pero aplicándola a un caso en el que se había planteado la cuestión por el demandado, y se dijo lo siguiente:

"En el caso presente es tanto más aplicable la anterior doctrina, cuanto que expresamente *el demandado alegó, en la materia nueva de su contestación,* que la persona que reclamaba su filiación no era hija de la persona que se consignaba en la demanda, sino de otra cuyo nombre se indicaba." (Itálicas nuestras.)

Hemos examinado los textos de autoridades y la jurisprudencia citada en el caso de *Rivera* v. *Díaz,* supra, y es cierto que todos sostienen que en los llamados *"bastardy prosecutions"* del derecho americano, la evidencia de que la demandante tuvo relaciones carnales con otros hombres en la época en que el niño pudo ser concebido es admisible y pertinente si se ofrece para demostrar las relaciones sexuales

con esos hombres en la época de la concepción. No aparece, sin embargo, de los textos y casos citados qué requisitos se exigieron en cuanto a las alegaciones que debía hacer el demandado para que dicha evidencia fuera admisible.

Así tenemos que la cita que se hace de 1 Wigmore *on Evidence* 195, Sec. 133, lo que dice es lo siguiente:

"Bajo este principio (igual oportunidad de otros) es permisible demostrar, en un caso de filiación o 'bastardy prosecution', que la madre tuvo contacto con otro hombre alrededor del período de la gestación, pues esto tiende a demostrar una igual posibilidad de concepción debido al acto de otro."

El caso de *Allred* v. *State,* supra, fué uno de carácter criminal y lo que se le permitió al acusado fué en su contrainterrogatorio a la demandante preguntarle si había tenido contacto carnal con otro hombre durante el tiempo de la gestación.

El caso de *Smith* v. *Yaryan,* supra, fué uno en reclamación de daños y perjuicios como consecuencia de una seducción. No se expone, en el curso de la opinión, qué alegaciones hizo el demandado en su contestación, pues después de exponer los hechos que se alegaron en la demanda sólo se dice: "issue was joined and the cause tried by a jury." Fué en el contrainterrogatorio de la demandante que se le preguntó si había tenido contacto carnal con otros hombres en la misma fecha en que lo tuvo con el demandado y la corte no admitió dicha evidencia. En apelación se revocó la sentencia sosteniéndose que las preguntas eran admisibles por tratarse de un caso en que el jurado tenía que determinar si el demandado era el padre del niño antes de poder condenarlo a pagar daños y perjuicios y que debía aplicarse la misma regla que en los casos de *"bastardy prosecutions."*

Tenemos, por lo tanto, que los casos citados en el de *Rivera* v. *Díaz,* supra, en su mayoría de carácter criminal, lo único que resuelven es que la evidencia era admisible pero no son autoridad para sostener que no era necesario que el demandado en su contestación y como defensa afirmativa ale-

gara que otros hombres tuvieron contacto carnal con la madre al tiempo de la concepción del niño. Por el contrario, aun en los *"bastardy prosecutions or proceedings"* del derecho americano la doctrina reconocida es que cuando el procedimiento es de naturaleza civil, el demandado debe alegar cualquier defensa afirmativa que desee oponer a la demanda.

En 10 C. J. S. 166, Sec. 776, se expone la regla así:

"Como regla general, si el demandado desea establecer una defensa afirmativa, a él le incumbe presentarla por una alegación que pueda ser controvertida en forma ordenada, de acuerdo con el procedimiento en casos civiles."

Es cierto que la demanda en el caso de autos no estaba jurada y que era suficiente que el demandado en la contestación hiciera una negación general de los hechos, de acuerdo con el artículo 110 del Código de Enjuiciamiento Civil, que dispone, en lo pertinente:

"Artículo 110.—La contestación del demandado contendrá:

"1. Una negación general o especial de los hechos esenciales de la demanda con los cuales no esté conforme el demandado.

"2. Una exposición de cualquiera materia nueva constitutiva de oposición a la demanda o de reconvención. . . . . Si la demanda no se jurare, será suficiente una negación general de los hechos, quedando sólo en contienda los hechos esenciales de la demanda."

De manera, que cualquier materia nueva constitutiva de oposición a la demanda debe siempre alegarse en la contestación del demandado, pues cuando se hace una negación general sólo quedan en la contienda los hechos esenciales de la demanda.

Considerando la naturaleza y el alcance de la evidencia que podría presentarse en un caso de filiación, en el que se imputa por el demandado a la madre relaciones sexuales con otros hombres durante el período de la concepción, somos de opinión que constituiría una sorpresa e indefensión para la demandante el no exigir que, cuestión de tanta trascendencia, sea alegada como defensa afirmativa en la contestación antes de que al demandado se le permita presentar evidencia sobre

dichos extremos. El caso de *Rivera* v. *Díaz*, 19 D.P.R. 548 y cualquier otro posterior que sostenga una doctrina contraria a la aquí expuesta, deben considerarse expresamente revocados.

Ahora bien, como el caso de autos se inició y tramitó bajo la situación de derecho existente a virtud de lo resuelto en el caso de *Rivera* v. *Díaz,* supra, el demandado no estaba obligado a hacer ninguna otra alegación que la que hizo, es decir, una contestación general a la demanda, para creer que la evidencia que trató de presentar era admisible. Habiéndose demostrado, además, que la corte inferior al resolver el caso no tomó en consideración toda la evidencia presentada por el demandado, somos de opinión que lo que procede, en justicia, es *declarar con lugar el recurso y dejar sin efecto la sentencia dictada, con instrucciones a la corte inferior de que abra el caso de nuevo y conceda al demandado, si lo solicita, un término para radicar una contestación enmendada y proceda a la celebración de un nuevo juicio, en el que las partes puedan presentar toda la evidencia pertinente a sus respectivas alegaciones.*