IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1841, IN THE TWENTY-SIXTH YEAR OF THE STATE.

---

WALKER *v.* THE STATE, on the Relation of SARAH CORBIN.

APPEAL BY STATE—BASTARDY.—The State may appeal to the Circuit Court from the judgment of a justice of the peace in favor of the defendant in case of bastardy; and no appeal bond is required in such case. (a)

SAME—PRACTICE.—The Circuit Court, on such appeal, may order a writ to issue to compel the defendant's appearance.

BASTARDY—EVIDENCE.—The complainant in such case (the child being unborn), having been examined on the trial as a witness for the State, may be asked on cross-examination, whether she had had sexual intercourse with any other person than the defendant about the time when she said the child was begotten; but not whether she had had such intercourse at any other time. (b)

SAME.—The statute authorizes the general moral character of a witness to be inquired into; but the inquiry should be, not what it was at any former period, but what it was at the time of the trial.

SAME.—A witness for the defendant in a case of bastardy having stated, on

*Note.* —Judge *Dewey* was absent during the first week of this term, in consequence of the indisposition of his family.

---

(a) *Wolf* v. *The State*, 11 Ind., 231; 3 Id., 564.
(b) *Hill* v. *The State*, 4 Ind., 113; 13 Id., 357; 27 Id., 384.

cross-examination, that the defendant had always denied being the father of the child, was asked by the defendant to relate all he had heard him say about the matter. *Held*, that the question was improper.

SAME.—The credit of a witness can not be impeached by proof of particular facts.

[*2]    SAME.—*In a case of bastardy, which is a civil suit, the defendant can not introduce evidence of his general good character. (a)

PRACTICE.—If the complainant's examination before the justice in such case, which was reduced to writing, be not introduced as evidence on the trial in the Circuit Court, neither party can refer to it in argument.

EVIDENCE.—If there be a preponderance of evidence in such case against the defendant, he may be found guilty.

APPEAL from the *Fayette* Circuit Court.

BLACKFORD, J.—This is a case of bastardy. The suit was instituted by the State, on the relation of *Sarah Corbin*, against *Joseph Walker* before a justice of the peace. The defendant pleaded not guilty. The justice tried the cause and rendered judgment for the defendant. The State appealed to the Circuit Court. The defendant moved the Court to dismiss the appeal, but the motion was overruled. A writ was then issued in a cause, by order of the Court, to compel the defendant's appearance, and he was arrested accordingly. The parties appeared and submitted the cause to a jury. Verdict and judgment against the defendant.

The defendant contends that the appeal should have been dismissed, because no appeal lies in such case when the judgment of the justice is for the defendant. It is true, the statute as to illegitimate children does not give an appeal in a case like this; but it does not prohibit an appeal. We consider the appeal to be authorized by the statute concerning justices of the peace. The language of that statute on the subject is, "In all cases not otherwise specially provided for by this act, or some other statute of this State, it shall be lawful for any party to any judgment of any justice to appeal therefrom at any time," &c. Rev.Stat.,1838,p.383. Another ground taken to show that the appeal should have been dismissed is, that there was no appeal-bond. But this is a case in which

(a) *Byers* v. *The State*, 20 Ind., 47; 25 Id., 68.

no bond is required    Neither the State nor the relator would be liable for costs though the suit failed.

It is contended that the issuing of the writ, and the defendant's consequent arrest, were unauthorized. We think otherwise.   But supposing the defendant's position right, he should have moved for his discharge from custody. That was all he could have done.   The appeal was right-ly taken, and the defendant was bound to take [*3]    notice of it.   The *writ and arrest to compel his appearance, if not warranted by the statute, can be no cause for reversing the judgment.

Upon the trial in the Circuit Court, the complainant was examined as a witness for the State.   The defendant on cross-examination asked her (the child being unborn) if she had ever had sexual intercourse, *at any time*, with any other person than the defendant?   This question was ob-jected to, and the objection correctly sustained.   The question was irrelevant.

The witness having stated that she had never had sexual intercourse with other any person than the defendant be-fore the child was begotten, the defendant asked her how long it was after the time when she said the child was be-gotten, before she had had such intercourse with some other person than the defendant?   This question was ob-jected to and was correctly decided to be improper.   The inquiry was too general.   It should have been confined to about the time the child was said to have been begotten.

The defendant asked the witness if she had not had sexual intercourse with some other person than the de-fendant, *within three months* after the time she said the child was begotten?   This question was irrelevant, and being objected to, was rightly excluded.

The testimony on the part of the State being closed, the defendant called a witness and asked him, what was the general character of the complainant as to prostitution or virtue, previously to and at the time the child was said to have been begotten?   This question was objected to and the

objection correctly sustained. It is true the general moral character of a witness may be inquired into; Rev. Stat.,1838, p. 275; but the inquiry should be, not what it was at any former period, but what it was at the time of the trial.

The defendant asked a witness what she had heard the complainant say, if anything, about the complainant's having had sexual intercourse with any other person than the defendant, at any other time than about the time the child was said to have been begotten. This question was irrelevant, and being objected to, was rightly overruled.

One of the defendant's witnesses was asked by the plaintiff, on cross-examination, what he had heard the [*4] defendant *say about begetting this child? The answer was, that he had always bitterly denied it. On the re-examination, the defendant asked the witness to relate all he had heard the defendant say about this matter. This question of the defendant was objected to and correctly overruled. The answer to the plaintiff's question showing the defendant's positive denial of the charge, there was no ground for the defendant's inquiry.

The defendant asked one of his witnesses to state the particular circumstances of a charge of falsehood, which charge the witness had stated on cross-examination, he had heard made a year before against the complainant. This question was objected to and rightly overruled. The credit of a witness can not be impeached by proof of particular facts.

The defendant offered witnesses to prove his own general character to be good. The counsel for the State admitted the defendant's character to be good; but, at the same time, objected to the evidence, and the objection was correctly sustained. This is not a prosecution for a crime, but a civil suit; and the defendant's character was not in issue. The evidence, therefore was inadmissible. 1 Phil. Ev., 176; *Attorney General* v. *Bowman*, 2 Bos. & Pull., 532; *Fowler* v. *The Ætna Fire Ins. Co.*, 6 Cowen, 673.

The defendant, in his argument to the jury, proposed to point out certain variances alleged to exist between the com-

plainant's testimony before the justice and that before the jury, her evidence before the justice having been reduced to writing and certified by the justice to the Circuit Court. But the plaintiff objected to this course on the ground that the complainant's examination before the justice had not been introduced as evidence to the jury; and the objection was sustained. The Court did right. Either party might, under the statute, have read to the jury as evidence the complainant's examination before the justice; but as it had not been given in evidence, neither party could refer to it in argument.

The defendant asked the Court to instruct the jury, that if they had "rational doubts of the defendant's being the father of the child, they must acquit." This instruction was refused; but the Court instructed the jury, "that if the evidence should preponderate against the defend-
[*]     ant, the *preponderance would authorize them in finding him guilty." Had this been a criminal case, the instruction asked for should have been given, and that given would have been wrong; but as it is a civil suit, there is no error in this part of the cause. *Hiler* v. *The State*, 4 Blackf., 552.

*Per Curiam.*—The judgment is affirmed with costs.

*S. W. Parker*, for the appellant.

*C. B. Smith, J. S. Newman*, and *G. Holland* for the appellee.