## HILL v. THE STATE.

The prosecuting witness on a complaint for bastardy, may be compelled to testify whether about the time she has alleged that the child was begotten, any person besides the defendant had carnal intercourse with her.

If the complainant denies in her testimony that about that time she had carnal intercourse with another person than the defendant, a witness may be compelled to testify whether about that time she had carnal intercourse with him.

ERROR to the *Henry* Circuit Court.

PERKINS, J.—This is a case of bastardy. The defendant was convicted in the Circuit Court.

On the trial, *Sarah B. Mendenhall*, the mother of the bastard child, and the relator in the prosecution, testified

that said child was begotten by *Charles Hill*, the defendant in the prosecution, on the 10th of *July*, 1850, and that no other person had sexual intercourse with her about that time. The defendant then introduced a witness, *William Sowash*, who testified that during said month of *July*, he "sat up" with said *Sarah* several nights, and, upon being asked whether he did not have sexual intercourse with her about the 10th of said month, the Court informed the witness that as his answer to that question might tend to his disgrace, he need not reply to it unless he was willing to do so; whereupon the witness refused to answer, and the defendant excepted.

May Term,<br>1853.<br><br>Hill<br>v.<br>The State.

The ruling of the Court upon this point presents the only question in the cause for our consideration.

The complaining witness, *Sarah B. Mendenhall*, had been asked whether any person other than *Hill* had had carnal connection with her about the 10th of *July*, 1850, and had answered the question; and the law seems to be now settled that she was liable to be compelled to answer it, though it was one the answer to which might tend to her disgrace. 1 Greenl. Ev. s. 454, n. 1. Such has been recognized to be the law by this Court. *Walker* v. *The State*, 6 Blackf. 1.

Now, this witness, *Mendenhall*, was liable to be compelled to answer said question, either to lay the foundation for her impeachment as a witness, or because the answer might furnish evidence material to the point in issue in the cause, viz., the paternity or fathership of her bastard child, or for both these reasons.

If she was compellable to answer for the first reason, then the defendant should have been allowed to coerce the testimony of those by whom the impeachment could be sustained, notwithstanding it might disgrace them; otherwise his right to lay the foundation for such impeachment might be useless. If she was compellable to answer for the second reason, then, we say, the testimony of those who might have had intercourse with her at the particular time named, would have been equally pertinent and material to the issue, and the defendant should have been

May Term, 1853.

allowed the benefit of it; and if for both of said reasons, then for both reasons above assigned, should the testimony sought and refused in this case have been given.

We think the Court erred in not compelling *Sowash* to answer the question put to him, and, for this reason, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*E. B. Martindale*, for the plaintiff.

