Brinkerhoee, C. J.
In a proceeding in the court of common pleas of Ashland county, under the act of February 2,1824, “ for the maintenance and support of illegitimate children,” the plaintiff in error was found to be the father of a bastard child. On the trial, the plaintiff in error offered himself as a witness. He was objected to as incompetent; *the objection was sustained by the court; and [403 to this ruling he took an exception. To reverse the order and judgment of the court of common pleas, the plaintiff in error filed his petition in error in the district court, and, with a view to the detennination of the question thus presented, the case was reserved for decision here. Other questions are presented in the record, but we think none of them are worthy of particular consideration; and wo shall confine ourselves to this question only: Is the defendant, in a proceeding in bastardy, a competent witness on the trial of the issue prescribed by the statute ?
Section 310 of the code of civil procedure prescribes that:
“ No person shall be disqualified as a witness, in any civil action or proceeding, by reason of his interest in the event of the same, as a party, or otherwise,” etc.
The sections immediately following make certain exceptions to this general provision, none of which are claimed to apply to the question under consideration.
Section 604 of the code is as follows:
“ Until the legislature shall otherwise provide, this code shall not affect proceedings on habeas corpus, quo warranto, or to assess damages for private property taken for public usos; nor proceedings under the statutes for the settlement of estates of deceased persons; nor proceedings under statutes relating to dower, divorce, or alimony ; nor to establish, or set aside a will; nor proceedings under statutes relating to apprentices, arbitration, bastardy, insolvent debtors; nor any special statutory remedy not heretofore obtained by action; but such proceedings may be prosecuted under the code whenever it is applicable.”
At first blush, it might be supposed that this section excluded proceedings in bastardy from the application of the general rule established by section 310; but it has been settled by this court, in Atlantic and Great Western R. R. *Co. v. Campbell, 4 Ohio St. 583, that section 604 “ has reference to the, forms of proceedings ” only, “ and not to the competency of witnesses.” And accordingly in that case it was held, that in a proceeding to assess damages for *324 private property taken for public uses,” the owner of,the land was a competent witness. So in Hobbs v. Beckwith, 6 Ohio St. 252, it was held that the provisions of section 604 of the code had “reference to proceedings under” the bastardy act “strictly,” and not to proceedings to review them on error, and that hence a petition, in error, and not certiorari, furnished the proper mode of review.
The question before us, then, depends altogether upon the inquiry, whether a proceeding in bastardy is a civil or criminal proceeding. If it is a civil proceeding, section 310 of the code applies, and the defendant is a competent witness.
As the laws of no two states, probably, are entirely the same on the subject of bastardy, the adjudications made in other states afford' no conclusive solution of the question. In Indiana (6 Blackf. 1), North Carolina (Busbee’s Law, 244), Connecticut (2 Conn. 357), Kentucky (7 J. J. Marshall, 584), Maine (36 Maine, 486; 37 Maine, 546), and in New Hampshire (11 N. H. 156), where the whole proceedings seem to bo very closely analogous to those prescribed by our own statutes, the proceeding is held to be a civil one.
In South Carolina (1 Spear, 48), Georgia (3 Kelly, 534), and in Pennsylvania (4 S. & R. 449), the proceeding is a criminal one. But in all of these last-named states, the proceeding is by indictment ; and in the case last cited, where the executive of the state had pardoned the offense after conviction, such pardon was held not to apply to the order for maintenance consequent upon the conviction.
In Massachusetts, however, where the forms of proceeding in the ease are somewhat similar to those in this state, in a question as to-whether a civil or a criminal court had ^jurisdiction of the proceeding, it was held to be criminal. This holding, however, was mainly on the ground that ancient,statutes of that commonwealth had classed, bastardy among crimes and offenses. 6 Pick. 104.
It is certainly true that none of the forms and modes of proceeding under our bastardy act are analogous to proceedings in criminal cases. And yet the most of the incidents to such a proceeding are such as belong to proceedings strictly civil. It is, or may be, prosecuted in the name of a private party only — the mother of the child, or the township trustees. On a bond of indemnity being given that the child shall not become a public charge, the proceeding maybe compromised and discharged by the mother of the child. It is prosecuted neither by information nor, indictment. It is no *325 part of the duty of the attorney for the state to prosecute it. The ■defendant after conviction is entitled to all the benefit of the act for 'the relief of insolvent debtors; and, I suppose, it will not be claimed that at any stage of the proceeding he can be the subject of pardon by the executive.
But, after all, this question can properly be determined only by looking into the essential nature, aim, and object of the proceeding. Does it aim to punish the defendant? or is it in its nature simply a remedy to enforce the discharge of a civil and moral duty. It is clearly the latter, and that only. It is the duty of every man who becomes the father of a child to contribute to its support, and ■to save the public from the burden of its maintenance. This duty the statute aims to enforce. There is nothing punitive about it. Hawes v. Cooksey and Jameg, 13 Ohio, 242; Marston v. Jenness, 11 N. H. 156.
If any crime be involved in the accusation against the defendant, it must consist in the act of illicit intercourse by which the bastard child was begotten; and of this crime the parties are equally guilty, whether paternity do or do not result; and yet, by our law, there is no crime where there is no paternity, unless the parties live and cohabit in *a state of adultery or fornication, and then they may be prosecuted under another statute, by information or indictment, and punished by fine and imprisonment.
Finally, the code commissioners, and the legislature in the adoption of the code, by expressly excepting the mode of proceeding in bastardy from the operation of the code — which is exclusively a “code of civil procedure” — and by thus recognizing the necessity of such special exception, in order to accomplish that end, do thereby recognize its essential character as a civil proceeding.
We are of opinion that the court below erred in holding the defendant to be incompetent as a witness in the case.

Judgment reversed, and new trial awarded.

Scott, Sutliee, and G-holson, JJ., concurred.
Peck, J., dissented.