O'BRIAN *v.* THE STATE, on the relation of SWIFT.

Where the record does not contain the evidence given on the trial, this Court will not hold the refusal of a new trial on account of newly discovered evidence to be error; for it cannot be known how far such newly discovered evidence was merely cumulative.

In a prosecution for bastardy, the jury may consider, in determining the credibility of the relatrix, the youth of the defendant, and the testimony of the relatrix that he never had connection with her but once, previous to which she had had no intimacy with him whatever, and had not since intimated her condition to him, or asked reparation, except by instituting the prosecution.

Where the child was born eight and a half months after the alleged single act of intercourse, it was held that the defendant might prove that the mother had had sexual intercourse with other persons within two weeks preceding and two weeks succeeding the alleged date of her impregnation, and that such proof should be considered by the jury in connection with her credibility as a witness.

HARVARD LAW SCHOOL LIBRARY
Tuesday, June 12

APPEAL from the *Miami* Circuit Court.

PERKINS, J.—Prosecution for bastardy. Judgment for the state.

A motion for a new trial was made and overruled.

The reasons assigned for the new trial were—

1. Newly discovered evidence.

This evidence consisted in the admission of the relatrix to a certain person, that the defendant was not the father of her child, but that another person was. Such evidence would have been material; but, as the record does not show that given on the trial, we cannot say how far this newly discovered evidence may have been simply cumulative.

2. The defendant was a lad of seventeen years of age; and the mother swore that he never had connection with her but once; that she had never, before that occurrence, had any intimacy with him whatever, and had not since intimated her condition to him, or asked for reparation, except by instituting the pending prosecution. The defendant asked the Court to instruct the jury that these facts might be considered, in connection with the other facts, in the case, in determining the credibility of the mother as a witness.

This instruction was refused, but should have been given.

3. The child was born on the first day of *July*, 1859. The mother swore that the single act of sexual intercourse with the defendant, by which the child was begotten, occurred on the 15th day of *October*, 1858, eight and a half months anterior to its birth, and the defendant offered to prove that the mother had sexual intercourse with other persons within two weeks preceding, and two weeks succeeding said 15th day of *October;* but the Court restricted such evidence to the period of one·week preceding and one week succeeding that date.

The Court thus rightly conceded the admissibility of evidence of sexual intercourse with other persons, to be considered by the jury in connection with the question of the credibility of the mother as a witness; and must have adopted limitations as to times supposed to have embraced the extremes within which conception could have taken place; but most men who have been placed in that relation in life which affords opportunity for observation; and those not having been in such relation, who have investigated the subject to the extent of reading *Buchan* or *Gunn's* Domestic Medicine, know that, in the course of nature, a child, living and capable of surviving to the ordinary age of man, may be born in seven, and may not be till the expiration of ten months, or more, from the cessation of the *catamenia*, indicating the time of its conception. See, on this point, Taylor's Medical Jurisprudence, (2d ed.) p. 478.

The Court erred in rejecting the evidence; for if admissible in any [case], it would seem to be admissible of acts of intercourse during the periods above named.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial. Costs of reversal to be taxed to the relatrix.

*D. D. Pratt*, for the appellant.