## FORD *v.* THE STATE, on the relation of HILTON.

WITNESS—PRIVILEGE OF.—A witness is not bound to give testimony which may tend to show that he has been guilty of a crime. He cannot be required to disclose a single link in the chain of evidence which would be necessary to convict him.

SAME.—BASTARDY.—Where a witness, called by the defendant in a prosecution for bastardy, declines to answer whether he has had intercourse with the relatrix, on the ground that his answer would tend to criminate himself, the court cannot compel an answer, nor can the witness be required to answer questions tending to show that the intercourse, if any, was not under such circumstances as would constitute a crime under the statute.

SAME.—But after the witness claims his privilege, the defendant may show

by other witnesses that the circumstances were such that the act of inter-
course would not have been criminal, and when it is thus made clear that
the right to be silent does not exist, the witness may be compelled to
answer.

APPEAL from the *Adams* Circuit Court.

FRAZER, J.—This was a prosecution for bastardy. The
prosecutrix denied, under oath, sexual connection with any
man, other than the defendant, and especially with one *Isaac
Nelson*, at a time when the child might have been begotten.
The defendant then produced *Nelson*, and interrogated him
as to the matter. He declined to answer, unless compelled.
The court instructed the witness that there were criminal
offenses, to establish which against him, his having carnal
knowledge of the prosecutrix might constitute part of the
evidence, and that he was not compelled to answer the ques-
tion if his answer would be such as would tend to criminate
himself, but that in such case he could answer or not, as he
pleased. The witness thereupon declined to answer, upon
the ground that the answer would tend to criminate him-
self. The court sustained him in this refusal, and the
defendant excepted. The defendant then proposed to ask
the witness if he had ever been married, or had dwelt in the
same house with the prosecutrix, and proposed to prove by
him that the witness was not in such a situation that his
answer to the first question could possibly expose him to
conviction on any criminal charge. The court, however,
refused the proof, and refused to permit the defendant to
offer any such evidence, and the defendant excepted.

It is a familiar rule that a witness is not bound to give
testimony which may tend to show himself guilty of crime.
He is not bound to disclose a single link in the chain of
evidence which would convict him. In *Hill* v. *The State*, 4
Ind. 112, it was held that a witness in a bastardy case was
bound to answer as to the fact of having sexual connection
with the prosecutrix. But it is obvious from the opinion in
that case that it escaped the notice of the court that
there are crimes under the laws of this State, to make out

which sexual connection is an important fact. We mention rape, (2 G. & H. 440), seduction, (*id.*, 441), and open adultery, (*id.*, 464).

But suppose the defendant had been permitted to show by the prosecutrix that she had never been the victim of a rape, and that she had never dwelt in the same house with *Nelson*, and that he had never promised her marriage. Then there could have been no pretense that the principal fact sought to be proved by *Nelson* would tend to criminate him. But we understand from the bill of exceptions that the court below did not stop with the ruling that *Nelson* could not be interrogated as to these matters. That point was correctly decided. But the court went further, and " refused to let the defendant offer any evidence in that direction." That refusal presents the only question before us which is not perfectly plain. It seems to be a new question. It has been held that if the witness is protected from conviction by the statute of limitations, he is bound to answer. *The People* v. *Mather*, 4 Wend. 255 ; *Roberts* v. *Allatt*, 1 M. & Malk. 192. 1 Green. Ev., § 451. It has, on the other hand, been held that the witness is not bound to disclose the circumstances which induce his belief that the answer to the principal question will implicate him criminally, for the very good reason that to do so would be to render his privilege worthless. But can the party calling him show by other testimony that such are the circumstances that the answer will not criminate the witness? That is the question now in hand. If he cannot, it is very apparent that justice may often suffer, and a party be at the mercy of his witnesses, who may claim their privilege without reason, either corruptly or ignorantly, thus depriving him of his evidence. Are the courts to suffer this, when the party calling the witness is able and ready to show that the circumstances are such that it is impossible that the answer of the witness can criminally implicate him? If such circumstances had been in evidence, the court would have seen that the ground upon which the witness

claimed his privilege was a mere pretense to avoid testifying, and must, in that case, have compelled him to answer. 2 Phil. Ev. 933. Why should such facts not be shown after the witness claims the right to be silent? There is no reason occurring to us, save that of convenience; that it would tend to protract the trial and multiply costs by entering upon the investigation of a collateral matter. But it is rare, if ever, that such an objection can be allowed to stand in the way, when it would prevent the proof of such facts as constitute legitimate and important evidence upon the issue to be tried. Such an objection, in such a case, would be an impediment to the correct administration of justice, and ought to weigh but little. Where the testimony sought can be obtained without invading the privilege of the witness to be silent, it is the right of the suitor that an answer shall be enforced. But of course care should be taken that this right of the witness be not denied. Where he stands upon it, it should appear clearly that the right does not exist in the given case, before he is required to testify. He, as well as the party calling him, must be protected.

The sufficiency of the evidence to support the verdict is seriously and earnestly questioned. On paper, the evidence seems to us somewhat weak. But the jury chose to believe the prosecutrix, and to disbelieve everybody who contradicted her. This they had no right to do arbitrarily and without reason; but we cannot say that they did.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*D. Studabaker*, *B. F. Gregory* and *J. Harper*, for appellant.
*J. R. Bobo*, for appellee.