## EX PARTE HAASE.

BASTARDY.—*Imprisonment of Defendant.*—The prosecuting witness in a bastardy proceeding is not the plaintiff therein within the meaning of section 4, 1 G. & H. 410, which provides for the discharge of a defendant imprisoned by civil process, on failure of the plaintiff to pay the cost of keeping the defendant imprisoned.

From the Ripley Circuit Court.

*G. Durbin* and *Z. T. Hazen*, for appellant.

BIDDLE, J.—Fritz Haase, petitioning the court for a writ of *habeas corpus*, states that at the April term of said court he was found guilty of being the father of a bastard child, on the complaint of Mary Ahlers, and a judgment of four hundred dollars, payable in instalments, rendered against him, which remains unpaid; that he is unable to pay or replevy the judgment, in consequence of which he is restrained of his liberty by Henry Weber, sheriff of Ripley county; that since his confinement in jail, the said relatrix has failed to pay or tender to said sheriff, or jailor, any fees or remuneration for keeping him so imprisoned by virtue of said judgment, although demand has been made on Samuel M. Jones, the attorney of said relatrix, for the expense of so keeping him imprisoned; that no such demand could be made on the rela-

trix, for the reason that, during all the time since the rendition of said judgment, she has been a resident of the State of Ohio, and absent from the State of Indiana ; wherefore, etc. Sworn to, etc.

Upon this petition, the court refused the writ.

Sec. 4, 1 G. & H. 410, enacts, that "the cost of keeping a defendant imprisoned by civil process shall be taxed as costs against the plaintiff therein, at the rate of thirty cents per day, and if on demand made, such plaintiff shall fail to pay the same, the defendant may be discharged, but such costs may afterwards be recovered against the defendant."

Under this section, the relatrix having failed to pay the costs of the imprisonment, as stated in the petition, it is claimed on behalf of the prisoner that he should be discharged from custody. Assuming, without deciding, that the petition, demand, excuse, etc., as stated therein, are sufficient, we are of the opinion that the relatrix is not a plaintiff within the meaning of the section cited. Prosecutions for bastardy must be in the name of the State. The prosecuting witness is not the plaintiff. The suit is not for her benefit, the money recovered is not for her use, but for the support of the child. 2 G. & H. 624. *Dibble* v. *The State,* 48 Ind. 470 ; *Turner* v. *Wilson,* 49 Ind. 581.

We think, therefore, that the court committed no error in its ruling.

The judgment is affirmed.

PETTIT, C. J.—Holding imprisonment in such cases unconstitutional, under all circumstances, I dissent.