## The State, ex rel. Mabbitt, *v.* Smith.

Venue.—*Change of.—Bastardy.—Parties.*—A change of the venue of a prosecution for bastardy, from the county where it is pending for trial, can not be granted on an application and affidavit therefor, by and on behalf of the relatrix, she not being a party to such action.

Query. Can a change of venue in such cause be granted upon an application made on behalf of the State?

From the Madison Circuit Court.

*W. R. Pierse* and *H. D. Thompson,* for the State.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

Biddle, J.—Prosecution for bastardy, against the appellee. He was found guilty before a justice of the peace. In the circuit court he was found guilty, and a new trial granted to him. Upon a second trial in the circuit court, he was found not guilty. Before the last trial the relatrix filed the following affidavit for a change of venue :

"Comes now Martha J. Mabbitt, the relatrix in this cause, and being duly sworn, on oath says, she can not have a fair and impartial trial of the above entitled cause, at this court, in Madison county, Indiana, on account of

the facts that the defendant has an undue influence over the citizens of Madison county, Indiana, and that an odium attaches to this applicant in [the] cause, on account of local prejudice in said county. She therefore prays for a change of venue in this cause."

The motion was overruled, and exceptions reserved.

This presents the sole question in the case, viz.; Has the relatrix in a prosecution for bastardy a right to a change of venue, under the affidavit filed?

In the act regulating the practice, the court, in term, or the judge thereof, in vacation, may change the venue in any civil action, upon the application of either party, made upon affidavit, showing certain causes. 2 R. S. 1876, p. 116, sec. 207.

It will be noticed that the venue may be changed "upon the application of either party;" and also that the application in this case is made on behalf of the relatrix. We have decided that the relatrix is not a party to a prosecution for bastardy. *Ex parte Haase,* 50 Ind. 149. The State is the party plaintiff; the relatrix is the witness. It follows, therefore, that the application is not made within the terms of the statute. *Sullivan* v. *Sullivan,* 34 Ind. 368.

By common law the parties had no right to a change of venue. Whether we have any statute which will authorize a change of venue in a prosecution for bastardy, when the application is properly made, is not a question before us, and therefore not decided.

The judgment is affirmed, with costs.