Benham *v.* State, *ex rel.* Richardson.

No. 9627.

BENHAM *v.* STATE, EX REL. RICHARDSON.

BASTARDY.—*Evidence.—Paternity of Child.*—The defendant in a bastardy proceeding may ask the relatrix whether she has had sexual connection with others about the time the child was begotten, and when the rela-- trix testifies that she had connection with him at several different times within four or five days of each other, about a certain time, and a fully developed child is born in less than nine months thereafter, the court should not limit the time within which such enquiry may be made to two weeks preceding the time she thinks the child was begotten.

From the Ripley Circuit Court.

*S. M. Jones, J. L. Benham* and *A. Stockinger,* for appellant.

BEST, C.—This was a prosecution for bastardy. Judgment for the State. A motion for a new trial was overruled, and this ruling is assigned as error. This motion embraced many reasons, none of which need be noticed, except the ruling of the court in refusing to allow the defendant to ask the relatrix, upon cross-examination, whether she had had sexual intercourse with other persons between certain dates near the time when the child was begotten. The child was born on the 22d day of February, 1881, and the testimony strongly tended to show that it was a well developed and fully matured child at the time of its birth. The full period of gestation is nine months, and if the child went the full period it must have been begotten as early as the 22d of May, 1880. The relatrix went to live at the defendant's house as a domestic on the 9th of May, 1880, and she testified that he had sexual intercourse with her three or four times, four or five days apart; that the first time was about two weeks after she went there, and that she was not able to fix the time when the child was begotten, though she said that she had stated before the justice that it was begotten on the 1st of June or a week before; that the last time she menstruated was the last week in May, and that the first act of sexual intercourse did not occur before that time. She was unable to fix more def-

initely these several acts of sexual intercourse. Thereupon the defendant propounded to her, upon cross-examination, the following question: "Did you have sexual intercourse with anybody other than the defendant between the 9th day of May and the 9th day of June, 1880?" This question the court, upon objection, refused to allow her to answer, and also refused to allow her to answer a similar question covering the period from the 13th of May to the 17th of June, 1880, but limited the enquiry to the period between the 15th of May and the 15th of June, 1880. Of these rulings the appellant complains, and, we think, justly.

It has been settled by repeated decisions of this court that the relatrix may be required to state whether she has had sexual intercourse with any person other than the defendant about the time the child was begotten. *Walker* v. *State*, 6 Blackf. 1; *Hill* v. *State*, 4 Ind. 112; *O'Brian* v. *State*, 14 Ind. 469.

The limit within which this enquiry may be made is not, however, settled. This must necessarily depend upon the circumstances of each particular case. If conception is claimed to occur from a single act of coition, the date of which is fixed, there is but little difficulty in determining the period within which this enquiry may be made, but if it follows three or four different acts of sexual intercourse, occurring at different times, and a fully developed child is born less than nine months thereafter, the enquiry ought to embrace a greater period of time, especially before the alleged acts of intercourse. From the rulings in this case it appears that the court assumed that the child was begotten on the 1st of June, 1880, and then limited the enquiry to fifteen days before and fifteen days after this period. This was wrong. The court was not justified in assuming that the child was begotten on the 1st of June (if such assumption was made), nor in limiting the enquiry to fifteen days before and fifteen days after that time. In view of the facts that the child was fully developed, and was born on the 22d day of February, 1881, about nine months after the cessation of the *catamenia*, we think the ques-

tions propounded to the relatrix were proper, and that the court should have permitted her to answer them.

In *O'Brian* v. *State, supra,* where it was held that the court erred in not allowing such enquiry during two weeks before and after a single act of sexual intercourse, it was said that, "in the course of nature, a child, living and capable of surviving to the ordinary age of man, may be born in seven, and may not be till the expiration of ten months, or more, from the cessation of the *catamenia,* indicating the time of its conception;" and, if so, the enquiry ought not to be limited to a period of time less than two weeks before this event, especially where a fully developed child is born less than nine months thereafter. We think the trial court erred in these rulings, and because of them the judgment must be reversed.

The appellee has not attempted to justify these rulings, and we are unable to do so. The judgment, therefore, should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby reversed, at the appellee's costs, with instructions to grant a new trial.

