Houser *v.* The State, *ex rel.* Lantz.

No. 10,973.

## HOUSER *v.* THE STATE, EX REL. LANTZ.

PRACTICE.—*Evidence.*—*Letters.*—*Inspection of Papers Proved by Witness.*—In a prosecution for bastardy the prosecutor submitted letters to the re-latrix, who testified that they were written by the defendant, and the court refused to the defendant's attorney at that time an inspection of the letters.

*Held,* that he had no right to inspect them until they were offered in evidence.

SAME.—*Curing Error.*—Where evidence is erroneously admitted, the error may be cured by afterwards striking it out; so, also, the refusal to ad-mit proper evidence is cured by its subsequent admission.

BASTARDY.—*Evidence.*—*Admissions of Relatrix.*—In a prosecution for bas-tardy, admissions of the relatrix are not competent evidence, except to impeach her in a proper case.

SAME.—Evidence that the relatrix in bastardy kept company with other men at a time when the child might have been begotten is not compe-tent for the defendant, though she has denied the fact, unless it is offered for the purpose of proving sexual connection with such men.

SAME.—*Reputation.*—The defendant's reputation for morality can not be admitted in evidence in a bastardy prosecution, where he has not been impeached as a witness.

From the Huntington Circuit Court.

*B. F. Ibach,* for appellant.

*J. C. Branyan, C. W. Watkins* and *M. L. Spencer,* for ap-pellee.

HAMMOND, J.—This was a prosecution for bastardy. The verdict of the jury found the appellant to be the father of the child, and the judgment of the court charged him with its maintenance and education by the payment of a specified sum in instalments. A number of errors are assigned, but the only one discussed by appellant's counsel is that relating to the overruling of his motion for a new trial. The various grounds upon which the new trial was asked will be con-sidered in the order in which they are presented in the ap-pellant's brief.

It is insisted that the verdict is not sustained by sufficient evidence.

The relatrix testified that the child was begotten in No-vember, 1881, and born August 18th, 1882, and that the ap-pellant was its father. The appellant testified that he was not with the relatrix after September 17th, 1881, until some time in the following January, and that he did not have sex-ual intercourse with her in November. There was evidence, to some extent, corroborating his statements. The case is one simply of conflict of evidence. The testimony of the relatrix, if believed by the jury, as it evidently was, fastened the paternity of the infant upon the appellant. Even though her evidence seemed to us to be borne down by the weight of opposing proof, we could not, as has been repeatedly decided, interfere with the verdict of the jury upon that account. Be-sides her own evidence in vindication of the verdict, it may be stated that the appellant tacitly admitted his carnal inter-course with the relatrix in September, 1881, and in January, 1882. There was evidence from which the jury may have believed that there was an opportunity for such intercourse in November, 1881. And if they believed this, the circum-stances of the case probably justified the inference that his virtue in November was not more potent against temptation than at the other times when it yielded.

While the relatrix was testifying, the prosecuting attorney handed two letters to her, asking if she knew the handwrit-ing. Appellant's counsel objected to the question, and de-manded an inspection of the letters. The court overruled his objection, and at that time refused him an inspection of the letters. The witness testified that the letters were writ-ten by the appellant. The prosecuting attorney, then, in an-swer to a question by the court, stated that he intended to offer the letters in evidence. The letters were then, by order of the court, delivered to the appellant for inspection. The State did not offer them in evidence. The appellant claims that he was greatly prejudiced by this proceeding, by the un-favorable impression produced upon the minds of the jury. Before introducing the letters in evidence, it was necessary to

prove that they were written by the appellant. He had no right to an inspection of them until they were offered in evidence. The fact that they were not offered in evidence, after proof that they were written by him, is no ground for complaint, as their introduction in evidence was not demanded by himself. Perhaps, after all, his sensitiveness about the letters did him quite as much harm in the estimation of the jury as the proof that they were in his handwriting. In the conduct of a trial there are many trifling occurrences bearing favorably or unfavorably upon the one or the other of the parties, which are difficult for the trial court, and beyond the power of this court, to correct. Fortunately, however, for litigants, the ingenuity of counsel upon the one side is usually counterbalanced by the tact of counsel upon the other, so that the substantial rights of parties are generally preserved. It is only where there has been manifest injustice, occasioned by a proceeding, in which the power of the trial court for correction has not been properly used, that this court may intervene by reversal.

While the relatrix was testifying, the prosecuting attorney asked her what conversation she had with the appellant in May, 1882, about her pregnancy. When this question was asked, the appellant requested of the court the privilege to interrogate the witness as to whether the conversation alluded to did not occur in an effort between her and him to compromise. The request was not then granted, and the witness, in answer to the question of the prosecuting attorney, stated that the defendant, in that conversation, admitted that he was the father of the child. On cross-examination, she testified that the conversation between her and the defendant occurred in an effort at compromise. Thereupon the court directed the jury to disregard all of said conversation. This direction of the court cured any error of which the appellant can complain in the admission of the evidence.

At the trial the appellant offered to prove, by competent witnesses, that the relatrix, during her pregnancy, stated that

she was begotten with child in September, 1881. Being objected to by the State, this evidence was not admitted. This evidence was not offered to impeach the testimony of the relatrix, as the proper ground for impeachment had not been laid. As simply the admission of a party in interest, it was, under the authority of *Tholke* v. *State, ex rel.,* 50 Ind. 355, properly rejected.

In her cross-examination, the relatrix stated that she kept no company with men other than the defendant in November, 1881. She was not asked whether she had sexual intercourse with any other man than the defendant during that month. The defendant afterward, during the trial, proposed to prove that she had kept the company of other men in November, but, on the objection of the State, the evidence was not admitted. There was no error in excluding it. It would, at most, have only contradicted the relatrix upon an immaterial point. The fact that she kept company with other men made no difference, inasmuch as it was not proposed to prove that any of them had sexual intercourse with her.

The appellant offered to prove that his reputation for morality was good in the neighborhood in which he resided. The evidence was properly excluded. There was no attempt to impeach his testimony by proof of his bad reputation for morality or for truth and veracity.

A brother of the relatrix testified that in May, 1882, the defendant admitted to him that he was the father of the child. The defendant in his evidence proposed to explain this admission by showing that it was made after a conversation he had with the relatrix in which she stated to him that the child was begotten in September, 1881. At the time it was proposed the explanation was not allowed by the court; but before the appellant left the witness stand he did give the conversation with the relatrix referred to, which he stated occurred before the conversation with her brother. We think the appellant's explanation of the admission to the brother as having been made upon the supposition that the child was

begotten in September, instead of November, went fully to the jury. The error, therefore, of refusing this evidence at the time it was first offered, was cured by its subsequent admission.

Complaint is made of instructions given by the court on its own motion, and of its refusal to give some of those tendered by the defendant. We think the instructions given were as favorable to the appellant as he could have expected, and that those refused were either covered substantially by those given, or were clearly improper.

There was no error in overruling the appellant's motion for a new trial.

Judgment affirmed, at the appellant's costs.

Filed Feb. 14, 1884.