No. 737.

## McChesney v. The State, ex rel. Cox.

BASTARDY. — *Evidence.* — *Instruction to Jury.* — *Impeachment of Relatrix.* —
Where, in a prosecution for bastardy, the defendant introduced evidence for the purpose of showing that some person other than the defendant was the father of the child, it was error for the court to instruct the jury that such evidence was introduced as tending to impeach the relatrix, and could be considered for no other purpose.

From the Marshall Circuit Court.

*W. B. Hess*, for appellant.

*C. P. Drummond*, for appellee.

Fox, J.—The appellant, who was the defendant herein, was arrested upon an affidavit filed against him by the relatrix before a justice of the peace of Marshall county upon a charge of bastardy. The usual preliminary examination was had, and the defendant was bound over to appear in the Marshall Circuit Court, where he was tried before a jury and found to be the father of the child in question. A motion for a new trial was overruled and the case appealed to this court. Two errors are assigned in the record. The first is concerning a certain " verbal instruction " given by the court to the jury, and the second in overruling the motion for a new trial.

The relatrix testified at the trial that the child was begotten on the 5th day of June, 1888; that she had intercourse with the defendant at that time; that she had intercourse with him one time only, and that he was the only person with whom she ever had intercourse; that the defendant was the father of the child. She further testified that in the latter part of June she went to Texas and did not return until the following November. The defendant denied the act of intercourse, and that he was the father of the child. He admitted that he was with her at the time when and at the place where she de-

clared the child was begotten.  He also testified that in
the following January she came to his house to see him,
and that he went with her to her house, and that she there
informed him that she was pregnant with a bastard child,
and that he was the father of it, which he denied.  He
also admitted that after he had thus talked with her he
left the country and was gone five or six weeks, and gave
as a reason for so doing that he " thought she would drop
the matter."  The defendant introduced a witness by the
name of Horner, who testified that in the month of June,
1888, he was working for a man by the name of Stillson,
and was there seven or eight days; that the relatrix was
there during all that time; that he slept in the barn; that
one night he " got dry and got up and went out to the
pump to get a drink;" that in passing some grape vines
he " heard somebody talking low ;" that they were " rolling
around on the grass and talking;" that one was a man
and the other a woman, but he could not tell who they
were; that he " could only see something white and some-
thing black tumbling around on the grass;" that the
" woman's dress was open, and the fellow was pulling off
bunches of grass and trying to put them down her per-
son," and that " they were mixed up."  The witness fur-
ther testified that he thought he recognized the voice of
one of the persons to be that of a man by the name of
Osborn.

At the trial the court gave verbal instructions to the
jury.  Objection was made by the defendant to one of
these instructions, which is set forth in the bill of excep-
tions as follows:

"The defendant has introduced the evidence of two
persons as to what took place at Stillson's.  The wit-
nesses, Horner and Burch, have narrated what they saw
and heard, or what they thought they saw and heard, on
the occasion mentioned by them.  You must recollect for
yourselves what they testified to, and whether the witness

Horner could see and identify the prosecuting witness as one of the persons or things he saw or thought he saw rolling and tumbling on the grass in the positions described by him, is for you to determine in the light of the surrounding circumstances. This evidence was introduced by the defendant as tending to impeach the prosecuting witness, and you are to consider it for no other purpose. Upon the question of impeachment I instruct you that the defendant has the burthen of that issue. He must produce evidence enough on that proposition to overturn the plaintiff's evidence on the same point before such impeachment is established. An attempted impeachment falls to the ground unless it is sustained by a preponderance of the evidence."

The other instructions, if any were given, are not in the record. Concerning the above instruction the bill of exception recites that it " was all the instruction given by the court upon that subject and was the only comment made by the court as to the evidence of said two witnesses."

The appellant's counsel vigorously attacked the instruction in question for the reason that it limits the effect of the testimony given by the witness Horner to the impeachment of the relatrix. In a bastardy suit the relatrix is not a party. *Ex parte Haase*, 50 Ind. 149; *State, ex rel.*, v. *Smith*, 55 Ind. 385. Theoretically, the suit is not for her benefit, but is intended for the benefit of the child. For the reason that the relatrix is not a party it has been held that her admissions can only be proven for the purpose of impeachment. *Houser* v. *State, ex. rel.*, 93 Ind. 228; *Tholke* v. *State, ex rel.*, 50 Ind. 355. In *Tholke* v. *State, ex rel.*, WORDEN, J., and PETTIT, J., dissented, for the reason that they were of the opinion the relatrix was so far a party, that her admissions as such ought to be given in evidence against her, like the admissions of other parties. In a bastardy case it may be

proved as a substantive fact that the relatrix had inter-
course with men other than the defendant about the time
she claims the child was begotten. *Benham* v. *State, ex
rel.*, 91 Ind. 82; *O'Brien* v. *State, ex rel.*, 14 Ind. 469. For
the purpose of proving this fact the relatrix may be com-
pelled to testify in relation thereto as well as other wit-
nesses. *Hill* v. *State*, 4 Ind. 112; *Walker* v. *State,
ex rel.*, 6 Blackf. 1; *Ford* v. *State, ex rel.*, 29 Ind. 541;
*Benham* v. *State, ex rel., supra; O Brien* v. *State, ex rel., su-
pra.* If it is shown that at about the time the relatrix
became pregnant she had intercourse with several men,
and can give no particular reason why any one of the acts
was the one in which the child was begotten, the evidence
will be insufficient to justify a finding against the defend-
ant. *Whitman* v. *State, ex rel.*, 34 Ind. 360; *Kintner* v.
*State, ex rel.*, 45 Ind. 175. The relatrix may be impeached as
a witness by proving statements made out of court concern-
ing material matters as other witnesses, the proper founda-
tion being first laid, and by proof of bad moral char-
acter. *Meyncke* v. *State, ex rel.*, 68 Ind. 401; *Thompson* v.
*State, ex rel.*, 15 Ind. 473.

We are unable to understand upon what principle the
court below instructed the jury that they should con-
sider the testimony of the witnesses Horner and Burch
for the purpose of impeachment only. The testimony of
Burch was evidently introduced for the purpose of show-
ing that the relatrix was the woman whom Horner saw
on the occasion he described, and this for the reason that
Horner did not know who the woman was, and the
testimony of Burch did not fix her identity by any
means. It was not the purpose of the testimony of either
witness to prove contradictory statements, for none were
made as far as the evidence shows. Neither did it tend
to prove the bad moral character of the relatrix. If it was
intended for the purpose of showing that the relatrix had
had been guilty of improper conduct or had done an im-

prudent act it should have been excluded.   The object of the suit was to fix the paternity of the child and make provision for its support.   If the purpose of the testimony was to show that some person other than the defendant was the father of the child, then the court should not have instructed the jury to consider it for the purpose of impeachment only.   If such was the purpose, it was not necessary to lay any foundation in order to render the testimony admissible, for the fact sought to be proved was a material matter in defence, going to the merits of the action, for if, in such a case, the defendant can successfully prove that some person other than himself is the father of the child he is entitled to a verdict.

Counsel for the appellee makes the following statement in his brief:  " Why counsel adopted the theory of impeachment is not apparent, but having adopted it and assiduously followed that line, he can not now complain that the court adopted it also."   In searching the record we fail to observe the adoption of any particular theory of the case by the defendant that could in anywise operate as a limitation upon his right to have the full benefit of the testimony in question for all matters in defence that it legitimately tended to prove.   After the relatrix had testified in chief that the defendant was the father of her child, it was proper upon cross-examination to ask her whether she did not have intercourse with other persons about the time the child was begotten, and the mere fact that a time and place were fixed, and the name of a person embraced in the question asked, did not operate as a limitation and prevent the defendant from introducing other witnesses to prove such intercourse as a substantive fact in defence.   It is the opinion of a majority of this court that the judgment of the court below should be reversed for the reason that the testimony in question should have been submitted to the judgment of the jury, untrammelled by the direction of the court, as contained in the

instruction above set forth. In this the writer of this opinion does not concur. It does not necessarily follow that a judgment should be reversed for the reason that an erroneous instruction has been given or refused. Section 658, R. S. 1881, provides, among other things, that a cause shall not be reversed "in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." See *Cline* v. *Lindsey*, 110 Ind. 337. In this case, in my opinion, it sufficiently appears from the record that a correct result was reached at the trial; that if the instruction in question had not been given the verdict of the jury would have been the same. For this reason I think the judgment should be affirmed.

Judgment is reversed, with costs.

Filed Nov. 16, 1892.