## DEHLER v. STATE, EX REL. BIERCK.

[No. 2,823.    Filed May 18, 1899.]

BASTARDY.—*Action When Relatrix is a Minor.—Process.—Statute Construed.*—The provision of section 256 Horner 1897, that before any process shall be issued in the name of an infant who is sole plaintiff, a competent and responsible person shall consent, in writing, to appear as next friend, is not applicable in a bastardy proceeding, since the relatrix is not sole plaintiff.  *p. 385.*

SAME.—*Practice.—Trial Without Answer on File.*—In an action for bastardy, a trial may be had without answer being filed.  *p. 386.*

SAME.—*Evidence.—Relatrix as Witness —Instructions.*—Where, on the trial of one charged with bastardy, evidence tending to show that relatrix had made statements out of court contradictory to her sworn testimony, it is proper for the court to instruct the jury that they could only consider such evidence as affecting her credibility as a witness.  *p. 387.*

SAME.—*Evidence.—Instructions.*—Where, in the trial of a bastardy proceeding, there was evidence tending to show that, about the time the child was begotten, the defendant had a certain contagious venereal disease, and that relatrix did not have such disease, it is proper for the court to instruct the jury that such facts might be considered by them in arriving at their verdict.  *p. 388.*

SAME.—*Evidence.*—In a bastardy proceeding the State may recover, although it was shown, by evidence introduced at the trial, that the defendant, at the time the child was begotten, was affected with a venereal disease, and that the relatrix had not been so affected.  *p. 388.*

PRACTICE.—*Exclusion of Evidence.—Harmless Error.*—Error in excluding an answer to a question propounded to a witness is cured by afterwards admitting the answer to a similar question propounded to the same witness.  *p. 389.*

SAME.—*Misconduct of Counsel.*—Where counsel in making opening statement to the jury is guilty of misconduct, and the opposing party at the time objects, and the court admonishes the jury to disregard the statement, no question can be presented to this court, unless the injured party moves the court to discharge the jury.  *pp. 389, 390.*

SAME.—*Exclusion of Evidence —Impeachment of Witness.*—The exclusion of evidence laying the ground for impeachment on an immaterial matter is not error.  *p. 390.*

EVIDENCE.—*Privileged Communication. — Clergyman.* — Confessions and admissions made to clergymen in the course of discipline enjoined by their respective churches are privileged.  *pp. 390, 391.*

PRACTICE.—*Bastardy.*—*Defendant's Statement to Jury.*—The statement of counsel to the jury of the facts upon which defendant bases his defense should follow the statement made by counsel for State, and, by the refusal to make a statement at the time, the right to state the defense is waived. *pp. 391, 392.*

BASTARDY.—*Excessive Judgment.*—A judgment for $800 for the support of a bastard child is not so clearly excessive as to warrant a reversal of the cause on appeal. *p. 392.*

SAME.—*Custody of Child.*—In a bastardy proceeding the defendant, who is shown to be the father of the child, is properly refused the custody of the child which is only three months old, although he proposed to give bond to maintain and educate the child under the order of the court. *p. 392.*

SAME.—*Appeal.*—*Replevying Judgment.*—After judgment has been rendered against the defendant in a bastardy proceeding, and an appeal bond given, the court may require the defendant to replevy the judgment. *pp. 392, 393.*

SAME.—*Evidence.*—*Financial Condition of Defendant's Father.*—For the purpose of determining the amount of the judgment to be assessed against the defendant in a bastardy proceeding, evidence of the financial condition of defendant's father, with whom defendant lives and works, is admissible. *p. 393.*

From the Jefferson Circuit Court. *Affirmed.*

*L. V. Cravens, A. E. Clashman* and *S. E. Leland,* for appellant.

*Vanosdol & Francisco, M. R. Sulzer, S. J. Bear* and *C. J. Roberts,* for appellee.

WILEY, J.—This was an action for bastardy, in which appellant was charged in the complaint with being the father of the unborn child of the relatrix. A trial of the cause before a jury resulted in a verdict finding appellant to be the father of the child. Such proceedings were had that the court rendered final judgment on the verdict, and fixed the amount of the judgment for the support of the child at $800.

Appellant has assigned error: (1) That the court erred in overruling his motion to dismiss the action; (2) that the court erred in "overruling his motion, objecting to the submission" of the case for trial; (3) that the court erred in overruling the motion for a new trial; (4) that the court

erred in overruling his motion to modify the judgment; (5) that the court erred in overruling his motion awarding the custody of the child to him; (6) the court erred in requiring him to replevy the judgment after giving an appeal bond; (7) that the court erred in hearing testimony as to the financial condition of Valentine Dehler father of appellant, and in receiving evidence of the contents of the bond before the justice, after the motion for a new trial had been overruled. We will consider these alleged errors in their order.

In the court below appellant appeared, and moved the court, in writing, to dismiss, and based his motion upon three grounds: (1) That the relatrix was under the age of twenty-one years, and could not prosecute the action without a guardian or next friend; (2) that the action could not be prosecuted without the appointment of a guardian; and (3) that no competent or responsible person had consented, in writing, to appear as the next friend of relatrix.

Appellant urges that, under the provision of section 256 Horner 1897, before any process shall be issued in the name of an infant who is sole plaintiff a competent and responsible person shall consent, in writing, to appear as next friend, who shall be responsible for costs, etc. This section of the statute is not applicable in a bastardy proceeding, for the evident reason the relatrix is not "sole plaintiff." The action must be prosecuted in the name of the State on the relation of the prosecuting witness. Section 992 Burns 1894. So, by the plain language of the statute, she is not the plaintiff, for the statute refers to her as the "prosecuting witness," and requires the action to be prosecuted in the name of the State. In *Ex Parte Haase*, 50 Ind. 149, it was held that the prosecuting witness was not plaintiff in the suit. The action is not for the benefit of the relatrix. If a recovery is had, she is not entitled to a cent of the money recovered for her own use and benefit, but it must go to the support of the child. *Ex Parte Haase, supra; Dibble* v. *State, ex rel.*, 48

Ind. 470. In *State, ex rel.,* v. *Smith,* 55 Ind. 385, an application was made by the relatrix for a change of venue. Biddle, J., said: "It will be noticed that the venue may be changed 'upon the application of either party,' and also that the application in this case is made on behalf of the relatrix. We have decided that the relatrix is not a party to a prosecution for bastardy,"—citing *Ex Parte Haase, supra.* The State is the plaintiff, and the relatrix is the witness. It follows, therefore, that the application is not made within the terms of the statute. This court in *Williams* v. *State, ex rel.,* 3 Ind. App. 350, held the relatrix was not a party to the action. Further discussion on this branch of the case would be useless. The court properly overruled appellant's motion to dismiss.

Appellant filed his written objection to the submission of the cause for trial on the grounds:    (1)    That relatrix was a minor, and no guardian had been appointed for her; (2) that no competent or responsible person had consented, in writing, to appear as her next friend; and (3) that by the complaint and other papers filed there was no issue to be tried. What we have said as to the motion to dismiss disposes of the first and second grounds of this objection. The third ground of objection was based on the fact that up to that time appellant had not filed an answer, and hence he urges that there was no issue for trial. The complaint before us is sufficient. Appellant had had an opportunity to answer, but had failed to do so. But in an action of this kind trial may be had, without an answer being filed. *DePriest* v. *State, ex rel.,* 68 Ind. 569; *McReynolds* v. *State, ex rel.,* 52 Ind. 391. But immediately after this motion was overruled appellant filed an answer in general denial, and, while the trial might have properly proceeded without an answer, he had whatever benefit arose from the answer having been filed. The court did not err in overruling the objection to the submission of the cause for trial.

In his motion for a new trial appellant assigned twenty-

two reasons, and we will only consider those he has discussed. In his third reason for a new trial appellant alleges error in giving instructions eleven, twelve, and thirteen. By the eleventh instruction the jury were told that if they found from the evidence that in March, April, and May, 1897, appellant had sexual intercourse with the relatrix, and that as a result thereof, she became pregnant with a bastard child, then defendant would be the father of such child, and that they might so find. This instruction so plainly and clearly states the law, that a discussion of it would be a waste of time.

Instruction number twelve is as follows: "Some evidence has been introduced as tending to show that the relatrix made certain statements to the defendant that others had sexual intercourse with her than the defendant; this was allowed to go before you as tending to affect the credibility of the relatrix as a witness, and you will consider it for no other purpose." The relatrix was asked if she did not state to appellant that she had had sexual intercourse with one Elmer Frost, and she answered the question in the negative. Counsel for appellant say that this question was asked, to lay the foundation for impeachment. Such a question was proper for such purpose, and no other. *Houser* v. *State, ex rel.*, 93 Ind. 228. Counsel insist that the court invaded the province of the jury by this instruction. We cannot accept this view. It is competent for a defendant in a bastardy case to introduce evidence, if he can, to establish the fact that the relatrix had sexual intercourse with other men at or about the time she became pregnant. Such evidence is competent for the jury to consider in determining whether or not the defendant is the father of the child. *Benham* v. *State, ex rel.*, 91 Ind. 82; *O'Brien* v. *State, ex rel.*, 14 Ind. 469. It is also competent to inquire of the relatrix whether or not she did have such intercourse. *Hill* v. *State*, 4 Ind. 112; *Walker* v. *State*, 6 Blackf. 1; *Ford* v. *State*, 29 Ind. 541; *Benham* v. *State, supra; O'Brien* v.

*State, supra; McChesney* v. *State,* 5 Ind. App. 425. But this
is not the question involved in instruction numbered twelve,
for in it the jury are told that the fact, if it was a fact, that
she had admitted to others that she had sexual intercourse
with a man other than the defendant, and this question
was asked her, as counsel admit it was, to lay the founda-
tion for an impeachment, then such evidence could only
be considered as affecting her credibility. She was not a
party, and what she might have said could not, in any
event, prejudice the rights of the State. But it was compe-
tent to prove that she had made statements out of court
contradictory to her sworn testimony, and it was proper for
the court to say to the jury that they could only consider
such evidence as affecting her credibility.

The ninth instruction is complained of because the jury
were told that in determining the question as to whether ap-
pellant did or did not have sexual intercourse with the relatrix
at or about the time the child was begotten they might con-
sider whether the defendant did or did not have a certain
venereal disease, whether said disease was contagious or
otherwise, the probability of its being communicated to re-
latrix, and whether or not she had had such disease. There
was some evidence that appellant did have such disease, and
that the relatrix did not. In view of these facts, we think the
instruction was very fair to appellant, and correctly stated the
law.

The thirteenth instruction told the jury that if they found
that appellant was the father of the child, it would make no
difference if he was affected by a venereal disease, and the
relatrix was not, their verdict should be for the appellee.
This is certainly the law, and could not be more plainly or
concisely stated. If the jury found that appellant was the
father of the child, that ended the controversy, so far as their
duty was concerned, for it was their sole province to deter-
mine that question, and, if they found that appellant was

such father, it was their duty so to state by their verdict. There was no error in giving this instruction.

On cross-examination the prosecuting witness was asked if she did not have sexual intercourse with another man (naming him) between specified dates. The question covered a period when relatrix stated that she had had sexual relations with appellant, except that the last date named was two days beyond the date, which she fixed as the last time she had had sexual intercourse with appellant. An objection was made and sustained to the question, and this is one of the reasons assigned for a new trial. As we have seen in the former part of this opinion, it is competent to inquire of the relatrix if she had not had sexual intercourse with men other than the defendant at or about the time the child was begotten. In this case the relatrix testified that her sexual relations with appellant began March 28, 1897, and ended June 13, 1897. The child was born January 2, 1898, and the evidence strongly tended to prove that it had gone the full period of gestation, for it was fully developed. If this is true, then it must have been begotten about the 5th of the preceding April. The question we are considering embraced the 15th of May to the 15th of June. If there was any error in refusing to let the relatrix answer the question, is was cured by a similar question, relating to the same person, to the same effect, but limiting the time to June 13, which the court permitted to be answered, and appellant had the benefit of it.

The next question discussed is the overruling of appellant's motion to set aside the submission. This motion was based on a statement of the prosecuting attorney in his opening statement to the jury, in which he said, "we will show you that the defendant seduced the relatrix, Anna Bierck." To this statement appellant objected, and moved to strike it out. This the court did, and admonished the jury that they should disregard the statement, as they had nothing to do with the seduction of relatrix, and the

prosecuting attorney himself withdrew the remark.    Under these facts the court properly overruled appellant's motion to set aside the submission.    Here the court did all in its power to right the wrong complained of, and if appellant was not satisfied with that action, it was his duty to go further, and move to set aside the jury.    This he did not do, but permitted the case to proceed to final determination, and thus waived all questions arising out of such misconduct. *Leach v. Ackerman*, 2 Ind. App. 91; *Grubb v. State*, 117 Ind. 277; *Staser v. Hogan*, 120 Ind. 207; *White v. Gregory*, 126 Ind. 95.

Other questions are discussed arising from other alleged misconduct of counsel for appellee, but for the reasons just given they are not available here, and need not be noticed further.

The sixth to the twelfth reasons, inclusive, assigned for a new trial, relate to the exclusion and introduction of certain evidence.    To take up and discuss each of these reasons, and set out the evidence complained of, would extend this opinion to an unreasonable length, and serve no useful purpose.    Much of the evidence complained of relates to what witnesses testified as to what appellant said to them concerning his relations to relatrix, and in which they said he had admitted that he had had sexual intercourse with her.    Other of the evidence relates to questions of impeachment of the father of relatrix on immaterial matters.    What appellant told others about his relations to relatrix were certainly competent.    Excluding evidence laying the ground for impeachment on an immaterial matter is not error.

The thirteenth reason for a new trial questions the action of the court in excluding certain evidence of Father Guthneck.    The offered evidence was properly excluded, because the facts inquired of him, were communicated to him by the relatrix, as a privileged communication. The evidence shows that the priest was there as a pastor of the Catholic church; that she was a communicant of the Catholic church, and that

Dehler *v.* State, *ex rel.*

her conversation was with him as such pastor. Both by subdivision five, section 497 Horner 1897, and by the adjudicated cases, confessions and admissions made to clergymen in the course of discipline enjoined by their respective churches are inadmissible.

Appellant complains that the court erred in refusing to let the witness Maner answer the following question: "Mr. Maner, I will ask you if some time about the 18th of April, 1897, on Main street, not very far east of Dehler's store, on the street, if Miss Annie Berick didn't say to you that Will Dehler was not her fellow or beau any more?" There could not possibly be any error in refusing to let the witness answer this question. It was not pertinent to the issue, and wholly immaterial. It was either for the purpose of impeaching or contradicting the relatrix, and as the question related to a matter immaterial, and collateral to the issue, there was no error in excluding the evidence.

The nineteenth cause assigned for a new trial was that the court erred in refusing to permit appellant's counsel to make a statement to the jury of the facts upon which he based his defense, after the appellee had closed its evidence in chief. The record shows that after counsel for appellee had made a statement to the jury of the facts it relied upon and expected to prove, the court called upon counsel for appellant to make the opening statement to the jury, which counsel refused, and stated to the court that they would not make a statement at that time. As we have seen, this is a civil action, and the proceedings in the trial are governed by the civil code, except in so far as the statute regulating prosecutions in bastardy provide otherwise, and, as such statute does not make any provision as to the matter now under consideration, we must look to the civil code and the rule of practice there prescribed for our guide. By section 533 Horner 1897, subdivision one, the party upon whom rests the burden of the issues may briefly state his case, and the evidence by which he expects to sustain it, and by subdivision two of the same

section the adverse party may briefly state his defense, and the evidence he expects to offer in support of it. In civil actions the order of trial as here fixed, so far as statements of counsel are concerned, is invariable. Appellant waived his right to state his defense, and the evidence he expected to offer in support of it, when he refused to do so at the proper time, and the court gave him an opportunity. The court properly refused his request when made.

The fourth specification of the assignment of error is that the court erred in overruling the motion to modify the judgment. This motion rested upon the grounds that the judgment was excessive. We cannot say that the judgment is excessive. It is the duty of the trial court, upon verdict finding the defendant to be the father of the bastard child, to fix the amount necessary for the maintenance of the child, and render judgment accordingly. The judgment here pronounced by the court is not so clearly excessive as to indicate that the court acted from prejudice, partiality, or corruption, or that it was misled as to the measure of damages. Unless it so appears we are not authorized to disturb the judgment on the ground that it is excessive. See *City of Decatur* v. *Stoops*, 21 Ind. App. 397, and cases there cited. The motion to modify was properly overruled.

Appellant moved the court to award the custody of the child to him, and proposed to give a bond, with good security, that he would maintain and educate and care for it under the order of the court. This motion was overruled, and such ruling is assigned as error. At the time this case was tried, the child was three months old. At that age, and during its early years of infancy, it requires the nursing, sustenance, and care of its mother. The evidence in the record does not impress us that appellant is a proper person to be intrusted with the care and custody of a child, and these facts doubtless had their weight with the trial court, when it ruled on this motion. There was no error in this ruling.

Upon the rendition of the judgment, appellant prayed an

appeal, and gave an appeal bond, which the court approved. The court then required the appellant to replevy the judgment, and he assigned this action of the court as error. This question has been decided adversely to the appellant in *Hawley* v. *State, ex rel.,* 69 Ind. 98, and further comment is unnecessary.

After appellant's motion for a new trial was overruled, the court heard evidence as to his financial condition, and also the financial condition of his father with whom he lived, and by whom he was employed in a clothing store. To this evidence appellant objected, and has presented the question by a bill of exceptions. It was the duty of the court to ascertain the financial condition of appellant, and his prospects in life, that it might be the better enabled to ascertain his ability to support the child, and to enable the court to determine the proper amount to assess against him. There was no error in hearing such evidence. We find no reversible error in the record. Judgment affirmed.