## THADDEUS STEVENS v. THE STATE OF KANSAS.

1. BASTARDY — *Letter* — *Secondary Evidence of Contents.* In a prosecution for bastardy, where secondary evidence as to the contents of a letter claimed to have been written by the relatrix is sought to be introduced, it must be first established by competent evidence that the letter was written by the relatrix, or signed by her, in addition to satisfactory proof of the loss of the writing, to entitle a party to give secondary evidence as to the contents of such letter.

2. WITNESS, *Declining to Answer* — *Privilege.* Where, in a prosecution for bastardy, a witness declines to answer the question as to whether he had intercourse with the relatrix, on the ground that his answer might render him liable to a criminal prosecution, he cannot be required to answer, if it reasonably appear that the answer would expose him to such prosecution, or if the fact upon which he is interrogated would lead to his conviction of a crime.

*Error from Douglas District Court.*

AT the February term, 1889, *Thaddeus Stevens* was convicted of bastardy, and, on the judgment entered, he brings error. The material facts are stated in the opinion.

*Geo. J. Barker*, *J. W. Green*, and *F. M. McHale*, for plaintiff in error:

Plaintiff's first assignment of error is as follows: That said district court erred in ruling out and excluding evidence offered by said Thaddeus Stevens on the trial of said action in said district court, to which said Stevens excepted. The plaintiff in error produced one John Heathman as a witness, and sought to prove by him the contents of a certain letter written by the prosecuting witness, Sidney Brewer, to Richard Heathman, which evidence was, by the ruling of the court, excluded. The record shows positive evidence of the existence of the writing. The loss was proved by the testimony of Richard Heathman and of John Heathman. Diligent search was made for it in the place where it was most likely to be found. John Heathman swore positively that he knew the contents of it.

Satisfactory proof having been given as to the loss of a writing, the party will be admitted to give secondary proof of its contents. Greenl. Ev., § 646; *Abbott v. Coleman*, 22 Kas. 250. When the absence of primary evidence has been satisfactorily accounted for, secondary evidence is admissible. 2 Best, Ev. 811; 1 Starkie, Ev. 355; *Higgins v. Reed*, 74 Am. Dec. 305; *Allen v. The State*, 68 id. 457; *Bank v. Express Co.*, 84 id. 499; *Bank v. Lambert*, 72 id. 49; *Tobin v. Shaw*, 71 id. 547. See, also, 1 Rice, Ev. 163; 1 Taylor, Ev. 399; *Kearney v. New York*, 92 N. Y. 617; *Clark v. Hornbeck*, 17 N. J. Eq. 430; *Jernigan v. The State*, 81 Ala. 58.

The rule holds good both in civil and criminal cases. *United States v. Reyburn*, 6 Pet. 352; *United States v. Carrico*, 2 Cranch, 110; *C. B. U. P. Rld. Co. v. Shoup*, 28 Kas. 394; *Stainbrook v. Drawyer*, 25 Kas. 383; *Shepherd v. Pratt*, 16 id. 209; *Johnson v. Mathews*, 5 id. 118; *Conkey v. Post*, 7 Wis. 131; *Diener v. Diener*, 5 id. 483; *Williams v. Holmes*, 2 id. 129; *Jones v. Lake*, 2 id. 210; *Sebree v. Dorr*, 9 Wheat. 558; *DeLane v. Moore*, 14 How. 253.

Plaintiff's second assignment of error is as follows: "That

the said district court erred in refusing to·compel the witness Heathman to answer the questions of defendant's attorney in relation to his intercourse with Sidney Brewer, the prosecuting witness." It has been often held that it is a question for the court and not for the witness, whether or not the answer would criminate the witness or tend to subject him to a criminal prosecution. *Richman v. The State,* 2 Greene, 532; *Ward v. The State,* 22 Am. Dec. 449; *Krischner v. The State,* 9 Wis. 140; *State v. Duffy,* 15 Iowa, 425; *People v. Kelley,* 24 N. Y. 74. See, also, *Fries v. Brugler,* 21 Am. Dec. 52; *Chamberlain v. Willson,* 12 Vt. 491; *Janvrin v. Scammon,* 29 N. H. 280; *Hill v. The State,* 4 Ind. 112; *Ford v. The State,* 29 id. 561; *Bull v. Loveland,* 10 Pick. 9; *Taney v. Kemp,* 7 Am. Dec. 673; *Stevens v. Whitcomb,* 16 Vt. 121; *Cox v. Hill,* 3 Ohio, 424.

*Riggs & Nevison,* and *Fenlon & Fenlon,* for defendant in error:

We do not dissent from any statement of the rules of evidence made by counsel in their brief on the first assignment of error.

Upon the other question, as to whether or not the answer of the witness, under oath, that he believes that the answer to the question propounded would criminate him, should be taken as conclusive, the great weight of authority in this country is in favor of the rule that, where the witness has given such an answer, the court cannot compel him to answer, unless it is perfectly clear from a careful consideration of all the circumstances of the case that the witness is mistaken, and that the answer cannot possibly have any such tendency. *Chamberlain v. Willson,* 12 Vt. 491; *Janvrin v. Scammon,* 29 N. H. 280; *People v. Mather,* 4 Wend. 254; 1 Burr's Trial, 244; *Kirschner v. The State,* 9 Wis. 140; *Fries v. Brugler,* 21 Am. Dec. 55; *Ford v. The State,* 29 Ind. 541.

Opinion by GREEN, C.: This was an action brought under the act providing. for the maintenance and support of ille-

gitimate children. Sidney Brewer, an unmarried woman, charged Thaddeus Stevens, the plaintiff in error, with being the father of her bastard child. A trial was had in the district court of Douglas county, and he was found to be the father of the child, and adjudged to pay the sum of $2,000 for securing the maintenance and education of such child. The plaintiff in error brings the case here, and relies upon two assignments of error for a reversal of the judgment.

It is first contended that the district court erred in excluding certain evidence offered by the defendant in the district court. John Heathman was produced as a witness for the defendant, and an effort was made to prove the contents of a letter claimed to have been written by the prosecutrix to Richard Heathman. It is urged that the proper foundation was laid for the introduction of secondary evidence. The prosecutrix stated upon her cross-examination that she had never written a letter to Richard Heathman in her life. Three witnesses, including John and· Richard Heathman, swore that they did not know the handwriting of the prosecutrix, and had never seen her write. This evidence, coupled with the further fact that a letter had passed through the post office at Sigel, directed to Richard Heathman and signed "Sid.," was all the court had to authorize the admission of secondary evidence. The evidence did not establish the fact that the letter was in the handwriting of the prosecutrix or signed by her. It did not even appear that the evidence was competent or material. We are clearly of the opinion that the court committed no error in excluding secondary evidence as to the contents of this letter.

The second assignment of error is, that the district court erred in refusing to compel the witness Richard Heathman to give evidence as to his having had sexual intercourse with the prosecutrix. The witness declined to answer the question, for the reason that it might render him liable to a criminal prosecution. The record shows the following:

"Q. State whether you ever had sexual intercourse with Sidney Brewer during the year 1886. A. No, sir.

"Q. State whether you had sexual intercourse with her during the year 1887. A. I decline to answer that question.

"Mr. Riggs: I ask upon behalf of the prosecuting witness that the witness be compelled to answer. I am perfectly willing that he should answer—within proper limits, of course.

"The Court: They are entirely willing that you should answer; you are at liberty to do so if you choose; the prosecuting witness is willing that you should answer.

"Q. State whether you had any intercourse with her during 1887. A. I decline to answer.

"Q. Why do you decline to answer? A. I decline to answer for the reason that it might render me liable to a criminal prosecution.

"Q. (By the Court): Are you a married man? A. No, sir.

"The Court: It is your privilege to refuse to answer, if you see fit to do so. The woman is willing you should answer, but it is for you to say whether you will or not; you are not obliged to do so.

"Q. I will ask you again to state whether you had sexual intercourse with the prosecuting witness during the month of May, 1887. A. I decline to answer.

"Mr. Hutchings: If the court pleases, I insist upon his being required to answer that question.

"The Court: I shall not require him to answer. I think it would be a violation of his constitutional privilege; I think it would be such error as would reverse the case most certainly. I may be wrong, and if I am, I may be set right; but, looking at it as I do now, I will overrule the motion."

The right of a witness in such a case as this has been stated:

"A witness cannot be compelled to answer any question the answering of which may expose, or tend to expose, him to a criminal charge, or to any kind of punishment. He is exempted by his privilege from answering not only what will criminate him directly, but also what has any tendency to criminate him; and the reason is, because otherwise question might be put after question, and though no single question may be asked which directly criminates, yet enough might be got from him by successive questions whereon to found against him a criminal charge." (2 Phil. Ev. 930; 1 Greenl. Ev., § 451; Whar. Cr. Ev., § 463.)

The rule, as we understand it, is to require the witness to

answer when it is apparent to the court that an answer would not interfere with his legal right and privilege. If, however, the fact upon which he is interrogated forms but a single link in the chain of evidence which would lead to his conviction, he is protected. And this is a matter for the court to determine, under the facts and circumstances surrounding each case. The supreme court of Indiana stated the rule in the case of *Ford v. The State*, 29 Ind. 541:

"Where a witness, called by the defendant in a prosecution for bastardy, declines to answer whether he has had intercourse with the relatrix, on the ground that his answer would tend to criminate himself, the court cannot compel an answer, nor can the witness be required to answer questions tending to show that the intercourse, if any, was not under such circumstances as would constitute a crime under the statute."

The court further holds that —

"After the witness claims his privilege, the defendant may show by other witnesses that the circumstances were such that the act of intercourse would not have been criminal, and when it is thus made clear that the right to be silent does not exist, the witness may be compelled to answer."

There was no showing of the kind in this case, and the trial court must have been of the opinion that the answer might have exposed the witness to a criminal prosecution. The relatrix was under 21 years of age; hence the answer might have had a tendency to establish the fact that the witness had violated ¶ 2157 of the General Statutes of 1889, providing for the punishment of persons for obtaining illicit connection under promise of marriage, or ¶ 2369 of the same statute, fixing a penalty for open adultery.

We find no error in the record, and therefore recommend an affirmance of the judgment of the district court.

By the Court: It is so ordered.

All the Justices concurring.