## BETHEL v. TODOSIJEVIC.

[No. 20, 584. Filed October 9, 1967. No petition for rehearing filed.]

*Saul I. Ruman* and *Sachs & Ruman,* both of Hammond, for for appellant.

*Henry Kowalczyk,* Lake County Prosecutor, of Crown Point, for appellee.

PFAFF, C. J.—This action was brought by appellee against appellant for determination of the paternity of a child born

out of wedlock. On September 22, 1964, the Prosecuting Attorney on behalf of the appellee, Lydia Todosijevic, age 41, filed a verified petition to establish paternity of child and to provide for its support which reads in part, as follows:

"Lydia Todosijevic, being first duly sworn upon her oath says that she

"(b)    is pregnant with child and that said child was conceived out of wedlock and that Elmo Bethel is the father of said child.

"(c)    That the birthdate of the child born out of wedlock to Petitioner herein is February 7, 1965."

Trial was had by jury and a verdict returned adjudging the appellant the reputed father of the appellee's child. Counsel for the appellant filed his motion for a new trial contending that there was error in the trial and in the finding and judgment of the court. More specifically, appellant urges that the court erred in sustaining the appellee's objections to the admissibility of evidence central to appellant's defense.

The facts material to a determination of the issues follow:

"Lydia Todosijevic testified that she had her last menstrual period on May 4, 1964. The appellant sought to introduce into evidence testimony that would support his contention that the appellee had engaged in sexual intercourse on April 24, 1964, with a man other than himself. The appellee objected to the admissability of this testimony and said objection was sustained, the trial judge stating that 'any acts of intercourse that took place prior to the time she had her last menses is not material.' "

It is well settled that "while cessation of menstruation may be an indication of pregnancy, cases of women continuing to have one or two regular menstrual cycles are not rare. Moreover, various causes of uterine bleeding during early pregnancy may give a woman the symptoms without the reality of a menstrual period." Greenhill, Obstetrics 155 (12th ed. 1960).

In *Crawford* v. *Hasberry*, 186 N. E. 2d 522 (Juv. Ct. Ohio 1962), it was stated that, "[I]t is not uncommon for a woman to continue to bleed for two or three months after conception and that this bleeding is not true menstruation, but what is known as 'uterine bleeding.' "

See *Benham* v. *State, ex rel. Richardson* (1883), 91 Ind. 82, page 83, in which our Supreme Court said:

"It has been settled by repeated decisions of this court that the relatrix may be required to state whether she has had sexual intercourse with any person other than the defendant about the time the child was begotten."

It is the opinion of this court that the trial court erred when it sustained the objection to the introduction of testimony which would allegedly show that the appellee had sexual intercourse with a person other than the appellant within the normal gestation period, based solely on the proposition that menstruation or what was possibly thought to be such conclusively establishes that conception had to occur after said date of menstruation.

From the reasons stated above, the judgment of the trial court is reversed and this cause remanded for proceedings not inconsistent with this opinion.

Judgment reversed.

Bierly, Cook and Smith, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 107.